# Johnson *v.* Town of Fayette.

## *Violation of Town Ordinance.*

(Decided Nov. 15th, 1906.  42 So. Rep. 621.)

1. *Intoxicating Liquors; Municipal Regulations; Licenses.*—An ordinance imposing a license tax of $750 on retail liquor dealers, in the absence of evidence establishing its invalidity, is presumed to be valid under a charter authorizing the governing board of the town to license and regulate the sale or gift of liquors and limiting the amount of license to be imposed to $1,000.

22. *Same; Validity.*—The imposing of a license tax of $750 a year for retail liquor dealers was not so prohibitory as to render it invalid under the charter, where it was shown that under a license tax of $500 the preceding year there were four liqour dealers in the town, three of whom made a net profit of from $450 to $800, while the fourth not being satisfied with his profit went out of business.

APPEAL from Fayette Circuit Court.

Heard before HON. S. H. SPROTT.

Tom Johnson was convicted of violating an ordinance of the town of Fayette, and appeals.

WALTER NESMITH, and WALTER S. McNEIL, for appellant.—The law is well settled that where the charter of a municipal corporation grants the power to regluate the sale of spirituous, vinous and malt liquors such municipality cannot by fixing the license prohibitory in its nature the effect of which is to prohibit the sale.— *Ex parte Sykes,* 102 Ala. 173; *Ex parte Burnett,* 30 Ala. 461; *Miller v. Jones,* 80 Ala. 89; *VanHook v. City of Selma,* 70 Ala. 361. One or two of defendant's pleas were clearly proven which entitled him to the affirmative charge.—*Glass v. Myer,* 124 Ala. 332.

R. F. PETERS, and J. H. BANKHEAD, JR., for appellee. —The charter of the town of Fayette grants it the power to license retail liquor dealers in an amount not exceeding $1,000.00. It was competent for the legislature to do this.—*Marion v. Chandler,* 6 Ala. 899; *Ex parte Burnett,* 30 Ala. 461; *Ex parte Cowart,* 92 Ala. 94; *Harris's Case,* 28 Ala. 579; *Ex parte Sykes,* 102 Ala. 173. The municipality had power to pass all laws necessary to carry into effect any given power.—*Mayor, etc. v. Alairc,* 14 Ala. 400; *Ex parte Burnett, supra; Ex parte Sykes, supra.* The defendant's objections to the evidence were general and properly overruled.—*A. M. & R. Co. v. Darby,* 119 Ala. 531; *Coghill v. Kennedy,* 119 Ala. 641; *Harper v. The State,* 109 Ala. 28. The sustaining or overruling of the objection would not have changed the result and hence, a review of them is unnecessary.—*Harmon v. Siler,* 99 Ala. 306; *McDonald v. Jacob,* 85 Ala. 64.

WEAKLEY, C. J.—The charter of the town of Fayette confers upon its governing board the power "to license and regulate the selling, retailing or giving away of spirituous, vinous or malt liquors, bitters or beverages," but contains no power to prohibit such selling or retailing. The provision that the maximum amount of license to be imposed upon retail dealers in such liquors shall not exceed $1,000 is not an authorization to im-

[Johnson v. Town of Fayette.]

pose that or any other sum, regardless of whether the imposition is prohibitory, but a limitation in any event upon the amount to be fixed. While the governing board may license and regulate, it may not exceed or indirectly prohibit, although it may impose such sum as it pleases, short of prohition, up to $1,000. It cannot, however, fix that sum, or any other, when the effect of the imposition is prohibitory. The board fixed the sum of $750, as the amount to be paid for a license to retail liquors during the year 1904, and the appellant declined to pay, upon the ground that the ordinance was not authorized by the charter, in that it was not a proper regulation, but was intended to operate and would operate as a prohibition of the traffic. Not taking out a license, but continuing to sell, he was convicted; the court below holding the ordinance valid. The inquiry, then, is whether the imposition complained of was a reasonable and proper regulation, or whether it was prohibitory and invalid.

Although certain agreed. facts. were submitted as bearing upon the question at issue, yet these were and are for the consideration of the court and not for the jury, since the court, and not the jury, must decide whether the ordinace is or is not invalid.—*Town of Greensboro v. Ehrenrcich,* 80 Ala. 579, 2 South. 725, 60 Am. Rep. 130; *Ex parte Frank,* 52 Cal. 606, 28 Am. Rep. 642; *Kneedler v. Norristown,* 100 Pa. 368, 45 Am. Rep. 384; 1 Dillon on Munic. Corp. (4th Ed.) 327; 21 Am. & Eng. Ency. Law (2d Ed.) 988. Furthermore, the ordinance having reference to a subject-matter within the corporate jurisdiction, the amount of the imposition not exceeding the authorized maximum, and no invalidity appearing upon the face of the ordinance, it will be presumed to be legal and valid until its invalidity is established by proper evidence.—*Van Hook v. City of Selma,* 70 Ala. 361, 45 Am. Rep. 85; *St. Louis v. Weber,* 44 Mo. 550. In the case of *Ex parte Sikes,* 102 Ala. 173, 15 South. 522, 24 L. R. A. 774, in which we dealt with a similar legal inquiry, we said "What is the test by which it shall be determined whether a 'price for a license' is or is not prohibitory? Upon what prinicple is it to be held that a price of $200

is not prohibitory and $2,000 is prohibitory? What rules and facts must guide the mayor and councilmen in fixing the price of a license, so that the ordinance will be an exercise of power within their granted authority 'to fix the price,' and not transgress the boundary fixed by the term 'to license and regulate,' so that it shall not be prohibitory? No one unvarying price will suit for all places and circumstances. It seems to us the populousness of the municipality, the profitableness of the business, the character of the business proposed to be licensed and its effect upon the community, the additional expense necessarily entailed by a police supervision of the business (and perhaps other matters might be mentioned), are all proper subjects on inquiry in arriving at a legal and just conclusion, in fixing a price which will not be prohibitory." The problem thus requiring the exercise of judgment and familiarity with local conditions, a court should not, except in a clear case, impute to the municipal lawmakers an intention to evade the charter by indirection.

The facts which are offered to show that the imposition for 1904 is prohibitory are briefly these: That during 1903 four retailers of liquor at Fayette, including appellant, paid the town a license charge of $500 each; that appellant that year earned a net profit of $460, two others $750 and $800 respectively, while the fourth, one Hardin, was not satisfied with his profit for that year, the amount of which is not stated, and went out of business about January 1, 1904, after selling his stock to appellant, thus leaving three dealers to continue in business in 1904, and, upon the basis of the increased imposition, to contribute to the town $250 more than the four contributed the previous year; that, while appellant contested the increased charge, his two competitors paid it and continued business; that Fayette has a population of 700 and has a trade from the surrounding country from 10 to 20 miles in all directions, with no saloons within 30 miles of the town in any direction, while the county has a population of 14,132. Upon this showing we are not clearly convinced that the ordinance fixing $750 as the price of a retail license will operate by indirection to destroy the retail liquor traf-

[Smith, et al. v. Bank of Enterprise.]

fic in the town of Fayette, or that it was designed to introduce prohibition in violation of the implied inhibition of the charter. It evidently did not prevent a continuation of the business by appellant's two competitors, who paid the increased sum; but, furthermore, in view of the fact that appellant succeeded to the location and good will of Hardin, thus consolidating in a sense the business of two saloons into one, we are not convinced he might not reasonably pay an increase of $250 above what he was charged for his saloon in 1903. The ordinance of 1904 imposed upon the liquor traffic of the town an increase of only $250, and, when this is distributed among the three dealers, the increased expense to each is too slight to lead to the conclusion that the ordinance ought to be stricken down as prohibitory.

It being admitted that applicant had sold liquors without procuring the required license, and the ordinance not appearing to be invalid, the trial court properly gave the affirmative charge for the town.

Affirmed.

HARALSON, DOWDELL, and DENSON, JJ., concur.