This appeal arises from a judgment adverse to the defendants, Joe Broadwater, as administrator of the Alcoholic Beverage Control Board of the State of Alabama (ABC Board), and private lounge retail liquor licensees, following the filing of a complaint for declaratory judgment by the plaintiffs who are private club licensees seeking an interpretation of the lounge and liquor retail license provisions of the new Alcoholic Beverage Control License Code, designated as Acts 1980, No. 80-529, codified as Code 1975, § 28-3A-1 et seq. In the litigation below, the ABC Board challenged the private club's licensees' standing to sue under Code 1975, § 6-6-223, and further argued that the legislative act gave to lounge liquor licensees, newcomers to the liquor business in Alabama, the right to retail liquor, wine, and beer to patrons for off-premises consumption much the same as was allowed to club licensees under the act.
The ABC Board, the agency in Alabama charged with the responsibility of administering the act, had previously interpreted it to allow lounge licensees, as well as club licensees, to sell liquor and other alcoholic beverages to patrons for off-premises consumption. The Circuit Court of Montgomery County rejected the ABC Board's contention as to standing and further ruled:
 It was the intent of the legislature to confer upon club licensees but not lounge licensees the privilege to sell for off premises consumption and to do so in original containers because to do otherwise would be futile and impractical.
In ruling in favor of the club licensees, the Circuit Court drew heavily on these two factors: (1) the club license fee is twice as much as the lounge license fee; (2) by adding to the club license section the phrase "and to sell all of the above for off premises consumption except on Sunday," and not providing such language in the section dealing with lounge licensees, the legislature evinced an intention that lounge licensees were not to be allowed to sell liquor for off-premises consumption. We disagree, but a clear understanding of the legislative history of this bill is necessary to understand how we reach our final decision.
On February 12, 1980, House Bill 440 (H.B. 440) was introduced in the House of Representatives and then assigned to the Ways and Means Committee. On April 17, 1980, the Ways and Means Committee reported out a substitute H.B. 440 (S.H.B. 440), with amendments. On April 22, 1980, the House of Representatives passed S.H.B. 440 with the Ways and Means Committee amendments, along with several floor amendments. One of these floor amendments was the Cosby Amendment to S.H.B. 440, which allowed private clubs to sell alcoholic beverages for off-premises consumption, except on Sunday.
We are concerned in this case with H.B. 440, §§ 11 and 12; S.H.B. 440, §§ 11 and 12; and the Cosby Amendment to § 12 of S.H.B. 440. Section 11 of H.B. 440 reads as follows: *Page 211 
 SECTION 11. Lounge Retail Liquor License. Upon applicant's compliance with the provisions of this Code and the regulations made thereunder, the board shall, where the application is accompanied by a certificate from the clerk or proper officer setting out that the applicant has presented his application to the governing authority of the municipality, if the licensed premises is to be located therein, and has obtained its consent and approval, issue a retail liquor license which will authorize the licensee to purchase liquor and wine from the board or as authorized by the board and to purchase table wine, and beer, including draft or keg beer in any county or municipality in which the sale thereof is permitted, from any wholesaler licensee of the board and to sell at retail liquor and wine, dispensed from containers of any size, and beer, including draft or keg beer in any county or municipality in which the sale thereof is permitted, to patrons for on-premise[s] consumption. A lounge liquor licensee may permit dancing or provide other lawful entertainment on the licensed premises. No person under nineteen years of age shall be admitted on the premises of any lounge liquor licensee as a patron or employee, and it shall be unlawful for any such licensee to admit any minor to the premises as a patron or employee. [Emphasis added.]
Section 11 of S.H.B. 440 as passed in Act No. 80-529 reads as follows:
 SECTION 11. Lounge Retail Liquor License. Upon applicant's compliance with the provisions of this Code and the regulations made thereunder, the board shall, where the application is accompanied by a certificate from the clerk or proper officer setting out that the applicant has presented his application to the governing authority of the municipality, if the licensed premises is to be located therein, and has obtained its consent and approval, issue a retail liquor license which will authorize the licensee to purchase liquor and wine from the board or as authorized by the board and to purchase table wine, and beer, including draft or keg beer in any county or municipality in which the sale thereof is permitted, from any wholesaler licensee of the board and to sell at retail liquor and wine, dispensed from containers of any size and beer, including draft or keg beer in any county or municipality in which the sale is permitted to patrons. A lounge liquor licensee may permit dancing or provide other lawful entertainment on the licensed premises. No person under nineteen years of age shall be admitted on the premises of any lounge licensee as a patron or employee, and it shall be unlawful for any such licensee to admit any minor to the premises as a patron or employee. [Emphasis added.]
The only difference in the two versions is that the wording "for on-premise[s] consumption," which was a part of § 11 of H.B. 440, was omitted from § 11 of S.H.B. 440 as the Act was finally passed.
Section 12, "Club Liquor Retail License" of H.B. 440 and § 12 of S.H.B. 440 are the same and provide the following:
 SECTION 12. Club Liquor Retail License. Upon applicant's compliance with the provisions of this Code and the regulations made thereunder, the board may, where the application is accompanied by a certificate from the clerk or proper officers setting out that the applicant has presented his application to the governing authority of the municipality, if the licensed premises is to be located therein, and has obtained its consent and approval, issue a club liquor license for a club which will authorize the licensee to purchase liquor and wine from the board or as authorized by the board and to purchase table wine and beer, including draft or keg beer in any county or municipality in which the sale thereof is permitted, from any wholesale licensee of the board and to sell liquor and wine, dispensed from containers of any size, and beer, including draft or keg beer, in any county or municipality in which the sale thereof is permitted, to the members of the club or their guests for on-premise[s] consumption. *Page 212 
The Cosby Amendment added the following language after the last word in § 12: "and to sell all of the above for off premises consumption except Sunday." Section 12 was passed in its original form in both H.B. 440 and S.H.B. 440, except as amended by the Cosby Amendment.
The issues framed by the pleadings and briefs of the parties are as follows:
1. Did the club liquor retail licensees have standing to seek a declaratory judgment concerning the rights of lounge retail licensees vis-a-vis club liquor retail licensees' rights under the new Alcoholic Beverage License Code?
2. Did the Circuit Court of Montgomery County err in declaring that lounge retail licensees were prohibited from selling alcoholic beverages for off-premises consumption?
We repeat that it is the contention of the ABC Board that the private club licensees had no standing to file a declaratory judgment action under Code 1975, § 6-6-223, but assuming that they did, they cannot prevail in this action because the legislative act gives the lounge licensees, for all intents and purposes, the right to sell for off-premises consumption the same as the club licensees. The club licensees concede, as of necessity they must, having filed the complaint for declaratory judgment, that they have standing to file this action. Because of our favorable resolution of the second issue for the ABC Board, we pretermit any detailed discussion of the first issue.
The Circuit Court did not err in holding that the plaintiffs had standing. In Gibbs v. Cochran, 281 Ala. 22, 25,198 So.2d 607, 608 (1967), we said:
 Controversy touching the legality of acts of public officials or public agencies challenged by parties whose interest is adversely affected is one of the favored fields for declaratory judgments.
The mere fact that pecuniary interests were involved does not deprive the declaratory judgment act of a field of operation. In most litigation involving the legal rights of the parties, some underlying economic advantage or loss will result from the determination of those legal rights. Here, there was a real and justiciable controversy because the private club licensee contended that the ABC Board's interpretation of the statute impinged upon its economic interests and that interest was notde minimis.
We now turn to consider whether the Circuit Court erred in its interpretation of the intent of the legislature in the rights it gave the lounge licensee under the new act. The original version of H.B. 440, § 11, provided that the sale of alcoholic beverages by lounge licensees would be limited "to patrons for on-premise[s] consumption." In S.H.B. 440, § 11, this limitation was removed. We can perceive of no reason for such removal by the legislature, except to allow the sale of these beverages for off-premises consumption. The decision of the Montgomery Circuit Court that the lounge licensee cannot sell for off-premises consumption puts back into the act that which the legislature had taken out. This we believe the courts cannot do. In Town of Loxley v. Rosinton Water, Sewer and FireProtection Authority, 376 So.2d 705, 708 (Ala. 1979) this court said:
 [W]e may not amend statutes so as to make them express what we may conceive the legislature would have done or should have done. May v. Head, [210 Ala. 112, 96 So. 869] supra. It is clearly not this court's function to usurp the role of the legislature and correct defective legislation or amend statutes under the guise of construction. . . .
We hasten to point out that both § 12 of H.B. 440 and S.H.B. 440 also originally limited the club licensees to the sale of alcoholic beverages to members or their guests for on-premises consumption. It was only by way of the Cosby Amendment that the club retail licensee was allowed to sell liquor for off-premises consumption.
We, therefore, conclude that the difference in the language in §§ 11 and 12 comes about as a result of the legislative process followed in the handling of the two sections. The lounge liquor retail license was amended in the Ways and Means *Page 213 
Committee and the club liquor license was amended on the floor of the House of Representatives. Had both been amended by the same legislative process, we believe that the wording would be the same. However, the meaning and legislative scheme is apparent and we are not at liberty to change that.
Our construction is further strengthened by the fact that the administrative agency charged with the responsibility of enforcing the act has construed both sections to allow sale for off-premises consumption. Although we are not bound by its construction, we are obligated to give due consideration to its interpretation of statutes it must administer. Buchanan v.State, 274 Ala. 592, 150 So.2d 200 (1962). In this case, we agree with its construction.
For the forgoing reasons, the judgment of the Circuit Court of Montgomery County is due to be reversed and a judgment rendered in accordance with the opinion.
REVERSED AND RENDERED.
MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., concurs in result.