SHORES, Justice.
This is an appeal from a judgment holding that the City of Tuscaloosa’s liquor lounge license ordinance is applicable to the appellant’s retail operation. That judgment was certified as final pursuant to Rule 54(b), A.R.Civ.P. The question of the constitutionality of the ordinance as applied to the appellant is still before the trial court. We affirm.
The city ordinance parallels exactly the State’s regulatory scheme, which was before this Court in Broadwater v. Blue & Gray Patio Club, 403 So.2d 209 (Ala.1981). In that case, this Court held that, under applicable state statutes, a liquor lounge licensee was authorized to sell alcoholic beverages for off-premises consumption as well as for on-premises consumption. Since Tuscaloosa’s ordinance reads the same as the statute before the Court in Broadwater, it follows that the holder of a city license now is authorized by Broadwa-ter to sell alcoholic beverages for both on- and off-premises consumption. The ordinance reads:
“Code of Tuscaloosa § 7-4.

“(G) Lounge retail liquor license, restaurant retail liquor license, club retail liquor license fees: Each person before engaging in the operation of a lounge, restaurant, or club, where alcoholic beverages are sold pursuant to Chapter 3A of Title 28, Code of Alabama 1975 as amended, shall:
“(1) For the privilege of selling liquor and wine, or either, for on-premises consumption, take out and pay for an on-premises retailer’s license of liquor and wine, as provided in 3-24 ($400.00, plus 4.5 per cent of the gross receipts from the sale of liquor and wine in the next preceding month).”
The City filed suit to enjoin the operation of Berryville Central, Inc., doing business as “Home Package Store,” because it was delinquent in the payment of license fees imposed by the ordinance quoted above. The answer of the defendant stated that that ordinance was not applicable to the defendant and, if made applicable, would be unconstitutional as applied. Only the first defense is before us on this appeal.
The appellant concedes that it holds a license to sell liquor issued pursuant to the quoted ordinance. However, it argues that the ordinance is inapplicable to it because it sells liquor and wine for off-premises consumption only and does not sell either for on-premises consumption.
The court held that the appellant is subject to the provisions of ordinance § 7-4(G), both as to the annual fee and as to the 4.5% fee on gross receipts, regardless of whether the sales were for on-premises or off-premises consumption.
We agree. The ordinance was originally written to comport with state statutes which, arguably, did not allow a lounge retail licensee to sell alcoholic beverages for off-premises consumption. In *690 Broadwater, the Court held that the legislature had by act (Act No. 80-529, Acts of Alabama 1980, now codified at § 28-3A-1, et seq., Code 1975), given lounge licensees the right to sell for off-premises consumption. It is this construction of the legislative act that allows the appellant to legally do what it does — sell alcoholic beverages for off-premises consumption. It cannot escape the license fee required by not also selling alcoholic beverages for on-premises consumption. The City could not restrict by ordinance what the legislature has granted by legislative act and, where the general act of the legislature conflicts with a pre-existing ordinance, it would repeal it by necessary implication. Merrell v. City of Huntsville, 460 So.2d 1248 (Ala.1984).
The City issued a lounge retail liquor license, which under Act No. 80-527, supra, and Broadwater, authorizes the sale for both on-premises and off-premises consumption. The fact that the licensee has not elected to sell alcoholic beverages for on-premises consumption does not relieve it of its obligation to pay the city’s license fee.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.