BEATTY, Justice.
This petition for a writ of mandamus is a continuation of Berryville Central, Inc. v. City of Tuscaloosa, 474 So.2d 688 (Ala. 1985). In that case, this Court held that the petitioner here, a liquor retailer in the city of Tuscaloosa, was subject to the city’s ordinance that states:
“ ‘(G) Lounge retail liquor license, restaurant retail liquor license, club retail liquor license fees: Each person before engaging in the operation of a lounge, restaurant, or club, where alcoholic beverages are sold pursuant to Chapter 3A of Title 28, Code of Alabama 1975 as amended, shall:
“ ‘(1) For the privilege of selling liquor and wine, or either, for on-premises consumption, take out and pay for an on-premises retailer’s license of liquor and wine, as provided in 3-24 ($400.00, plus 4.5 per cent of the gross receipts from the sale of liquor and wine in the next preceding month).’ ”
474 So.2d at 689.
That case came to this Court from a judgment made final by a Rule 54(b), A.R. Civ.P., certification. Thus, the decision on the application of the ordinance did not end the litigation.
Besides raising the issue of the ordinance’s application, the petitioner below defended upon the ground that the ordinance, if applicable, would be unconstitutional as applied to the petitioner:
“Defendant alleges that the license fee imposed upon it by Plaintiff by virtue of *22 City Code of Tuscaloosa, Section 7-4(G) is unconstitutional because it is selective, discriminatory, confiscatory, unreasonable, oppressive, in restraint of trade, and results in an unreasonable pyramiding of taxes and in double taxation.”
Petitioner also filed a counterclaim, raising the issue of constitutionality, viz.'.
“That, City Code of Tuscaloosa, Section 7-4(G) is unconstitutional as it applies to Defendant and is, therefore, void and of no force and effect; and that Plaintiff has illegally assessed and collected from Defendant the sum of Ten Thousand Three Hundred Sixty-one and 78/100 ($10,361.78) Dollars by virtue of the unconstitutional and illegal application of City Code of Tuscaloossa, Section 7-4(G) by Plaintiff to Defendant.”
After this Court’s earlier decision upon the application of the ordinance, petitioner filed a jury demand in connection with its counterclaim. The City of Tuscaloosa's motion to strike that demand ultimately was granted, hence this petition for a writ of mandamus to require the Honorable Walter Bridges, supernumerary judge of the Tuscaloosa Circuit Court, to grant the jury demand.
As early as 1844, it was the law in this state that the reasonableness, and thus the constitutionality, of an ordinance is a question for the court. Intendant and Council of the Town of Marion v. Chandler, 6 Ala. 899, (1844) (incorporated town’s by-law (ordinance) fixing the penalty for selling liquor without a license was reasonable and not objectionable for uncertainty). See also Town of Greensboro v. Ehrenreich, 80 Ala. 579, 2 So. 725 (1886).
A decision following that principle was upheld in Briggs v. Birmingham Ry., Light & Power Co., 188 Ala. 262, 66 So. 95 (1914). Briggs was a wrongful death case based on a death allegedly caused by a lack of insulation on an arc lamp fixed above a public street, which insulation was required by a municipal ordinance. Among the issues was the question whether the ordinance was unreasonable and thus furnished no basis for liability on the defendant’s part. This Court stated:
“Where an ordinance or by-law, assuming to exercise a power within the municipality’s competency, is not void on its face, the legal presumption is that the ordinance or by-law is reasonable and valid until the contrary is shown by proper evidence. Bryan v. Mayor, etc., 154 Ala. 447, 452, 45 South. 922, 129 Am.St. Rep. 63; Marion v. Chandler, 6 Ala. 899, 902; Johnson v. Town of Fayette, 148 Ala. 497, 42 South. 621. When the unreasonableness vel non of an ordinance or by-law is asserted or urged, the question thus made is to be decided by the court, not the jury. Marion v. Chandler, supra; Johnson v. Town of Fayette, supra; 2 McQuillin on Munc. Corp. § 729,; 2 Dillon, § 599; Evison v. Chicago R.R. Co., 45 Minn. 370, 48 N.W. 6, 11 L.R.A. 434. A qualification of this doctrine appears to have commended itself to the Supreme Court in [Atlantic & P.] Tel. Co. v. Philadelphia, 190 U.S. 160, 166, 23 Sup.Ct. 817 [819-20], 47 L.Ed. 995; but the conclusion, in this respect, of our cases, as well as the tests cited above, seem[s] to us to afford the sounder, more practical rule, and will be adhered to. The court having the question to determine will take relevant evidence to advise its judgment upon the issue of unreasonableness vel non. 2 Dillon, § 599; Marion v. Chandler, supra; Van Hook v. Selma, 70 Ala. 361, 365, 45 Am.Rep. 85; 2 McQuillin, § 729.”
That principle was followed in City of Andalusia v. Fletcher, 240 Ala. 110, 198 So. 64 (1940), a case testing the reasonableness of an ordinance applying to businesses located outside the municipality’s corporate limits but within its police jurisdiction. The trial court had submitted the issue to a jury. That action was held error:
“ ‘When the unreasonableness vel non of an ordinance or by-law is asserted or urged, the question thus made is to be decided by the court, not the jury.’ Briggs v. Birmingham Railway, Light & Power Co., 188 Ala. 262, 66 So. 95, 96. City of Birmingham v. Louisville & N.R. Co., [216 Ala. 178, 112 So. 742].”
240 Ala. at 113, 198 So. at 66.
And, in a case involving the same issue under similar facts, Hawkins v. City of *23 Prichard, 249 Ala. 234, 30 So.2d 659 (1947), this Court reversed because the trial court had submitted the issue of reasonableness of the ordinance fixing business licensing fees to the jury; this Court stated that “the court itself should have decided the question of whether the ordinance was reasonable as applied to plaintiff without submitting that question to the jury.” 249 Ala. at 239, 30 So.2d at 664.
The petitioner urges that its counterclaim should be tried to a jury. As we have shown above, its counterclaim alleges only that the provision in question “is unconstitutional as it applies to the defendant.” And, although it is insisted that the issue of reasonableness “sometimes becomes a question of fact,” 62 C.J.S. Municipal Corporations § 209 (1949) at 396, it has not been explained how this case presents such a change from the established principle in this jurisdiction. Nor does the suspected unreasonableness appear from the face of the ordinance itself.
Accordingly, there being no clear right to the relief requested, Barber v. Covington County Comm’n, 466 So.2d 945 (Ala.1985), the petition for the writ of mandamus must be, and it hereby is, denied.
WRIT DENIED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.