This is an appeal from a declaratory judgment in favor of American Resources Insurance Company, Inc. The appellants, Emery and Elizabeth Hicks, charge that the trial court erred in its interpretation of a general insurance policy issued to Berry Mountain Mining Company by holding that an exclusionary clause in the policy operated against the Hickses.
The insurance policy in question was issued by American Resources to Berry Mountain Mining Company on June 1, 1985, and was to be in effect through April 22, 1986. The applicability of the following exclusionary clause is at issue:
"This insurance does not apply:
". . . .
 "(f) to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental;
". . . .
"(k) to property damage to
 "(1) Property owned or occupied by or rented to the insured;
"(2) Property used by the insured, or
 "(3) Property in the care of, custody or control of the insured or as to which the insured is for any purpose exercising physical control. . . ."
The record indicates that the Hickses entered into a lease with Berry Mountain Mining Company that permitted Berry Mountain to conduct strip mining operations on their property. Upon cessation of these operations, a pit that had been dug 300 to 400 feet above the Hickses' water supply and that had been continuously pumped dry, was allowed to fill with water. This standing water, the Hickses argue, became contaminated and thereafter contaminated their water supply because of the runoff and seepage, etc., of acids, alkalis, and toxic chemicals, etc.
In granting American Resource's requested relief, the trial judge stated:
 "The undisputed evidence before this court is that if the action of Berry Mountain caused the damage to the Hickses' wells, it was due to the release or escape of acids, alkalis, toxic chemicals, liquids, waste material, or pollutants into the water course or body of water. Thus, though the court is aware of the holdings in Molton, Allen Williams, Inc. v. St. Paul Fire Marine Ins. Co., 347 So.2d 95 (Ala. 1977), and United States Fidelity Guaranty Co. v. Armstrong, 479 So.2d 1164 (Ala. 1985), it finds that the acts alleged in this cause are specifically excluded from the insurance coverage and that no ambiguity exists."
The Hickses contend that the trial judge erred in failing to consider the means through which the discharge occurred, i.e., seepage and runoff as opposed to other *Page 954 
more "industrial" means. They argue that the exclusionary clause was intended to exclude only industrial contamination resulting directly from mechanical instruments or machines.
American Resources, on the other hand, contends that the exclusionary clause applies and that it should not be required to indemnify Berry Mountain in the event that the Hickses obtain a judgment against Berry Mountain. We agree. In the casesub judice, the pollutants causing the damage were undisputedly acids, alkalis, toxic chemicals, etc. While the Hickses citeMolton, Allen Williams, Inc. v. St. Paul Fire MarineInsurance Co., 347 So.2d 95 (Ala. 1977), in support of their argument, we note that that case involved the issue of whether sand qualified as one of the pollutants listed in the exclusion. The exclusionary clause in that case listed the same pollutants as those listed in the exclusion in this case.
 "It is alleged that the rain and surface water washed or carried the sandstone and sandstone-type materials found naturally in the earth [and caused them] to break down into sand and that this material was deposited onto the plaintiffs' property and into the three lakes, thus destroying the beauty of plaintiffs' property and the usefulness and beauty of the lakes.
". . . .
 "Molton, Allen and Williams argues that the 'pollution exclusions' contemplate only the discharge of foreign matter or industrial refuse into the environment and upon reading the pollution exclusion as a whole, it is clear that these exclusions were not intended to cover the unintentional washing of sand by virtue of rainfall into plaintiffs' lakes. Molton, Allen and Williams' theory is that the exclusions are directed solely to intentional discharges by an industrial operation of foreign matter or industrial refuse into the environment. Molton, Allen and Williams says that the term 'sand' cannot be construed to fall within a general class of substances, i.e., 'irritants, contaminants or pollutants,' and that the doctrine of ejusdem generis should be applied to determine whether or not sand falls within the general class of foreign material contemplated by the exclusion clauses."
Id., at 96-98. In Molton, Allen Williams, Justice Maddox stated:
 "It is believed that the intent of the 'pollution exclusion' clause was to eliminate coverage for damages arising out of pollution or contamination by industry-related activities. The use of specific industry-related irritants, contaminants and pollutants seems to indicate this was the reason for the exclusion. We judicially know that during the last decade, much emphasis has been placed upon protecting the environment. The pollution exclusion was no doubt designed to decrease the risk where an insured was putting smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into the environment."
Id., at 99. We are of the opinion that while this Court found the exclusionary clause ambiguous in Molton, Allen Williams, as regarding the natural material (i.e., sand) that damaged the plaintiffs' property, in the present case, the clause is not ambiguous as to the pollutants that contaminated the Hickses' property (i.e., acids, alkalis, toxic chemicals, etc.).
For the foregoing reasons, American Resources is not required to indemnify Berry Mountain, should that company be held liable to the Hickses for the contamination of their water supply. The judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur. *Page 955