THOMPSON, Presiding Judge.
 

 Linda Gail Colburn (“the mother”) appeals from an order of the Bibb Circuit Court conferring on Raymond Earl Col-burn (“the father”) primary physical custody of their children. For the reasons stated herein, we dismiss the appeal.
 

 The mother filed a complaint for a divorce from the father on July 14, 2005. She sought, among other things, sole custody of the parties’ three minor children (“the children”). The father answered the mother’s complaint, asserted a counterclaim for a divorce, and, among other things, sought a joint-custody arrangement in which he would have primary physical custody of the children.
 

 
 *177
 
 On December 5, 2005, following a hearing, the trial court entered a pendente lite order establishing that the parties would have joint custody of the children with the father acting as the children’s primary physical custodian. The order set out a schedule of visitation for the mother and required the mother to pay monthly child support in the amount of $206 to the father. On February 23, 2006, the trial court appointed a guardian ad litem to represent the children’s interests.
 

 On July 13, 2006, following a trial, the trial court entered an order divorcing the father and the mother but reserving jurisdiction to decide the other pending issues. The trial court kept in place the custody arrangement for the children previously set forth in its December 5, 2005, order, pending a final judgment in the case.
 

 On September 7, 2006, following a hearing, the trial court entered a judgment ordering that the father and the mother exercise “true split custody” of the children and establishing a schedule for custody of the children. It determined that, because of its joint-physical-custody award, neither party would be required to pay child support. The trial court stated in its judgment that its decision not to award child support to either party was “a departure from Rule 32, Ala. R. Jud. Admin., as the Rule does not take into consideration the granting of joint legal and physical custody.” The judgment also effected a property division between the father and the mother.
 

 On September 12, 2006, the trial court, apparently on the motion of the father, entered an order setting aside its September 7, 2006, judgment and appointing a new guardian ad litem to represent the children’s interests.
 
 [1]
 
 The trial court put back in place the pendente lite custody arrangement established in the December 5, 2005, order until such time as the new guardian ad litem made a recommendation to the court regarding custody of the children and the trial court entered an order regarding custody.
 

 On October 2, 2006, after the new guardian ad litem presented a recommendation to the court with regard to custody of the children, the trial court entered a judgment in which it rescinded its September 12, 2006, order, ordered that the September 7, 2006, judgment was to be “in full force and effect,” and ordered the father, the mother, and the children to participate in counseling.
 

 On October 5, 2006, the father filed a motion to vacate the October 2, 2006, judgment pursuant to Rule 59(e), Ala. R. Civ. P. The father argued that the trial court had improperly considered the guardian ad litem’s report because, he asserted, the report did not constitute legal evidence and the court had not provided him the opportunity to rebut the statements in the report or to cross-examine the guardian ad litem. He also argued that the trial court’s decision not to order the payment of child support violated Rule 32, Ala. R. Jud. Admin., and that the record contained no current child-support forms supporting the court’s decision not to award child support.
 

 On January 3, 2007, the mother filed a motion to hold the father in contempt for violating the terms of the September 7, 2006, judgment. She did not pay a filing fee when she filed that motion. The father filed an answer to the mother’s motion to hold him in contempt and a “counterclaim” seeking to hold the mother in contempt for
 
 *178
 
 violating the trial court’s orders. He, likewise, did not pay a filing fee when filing his response and “counterclaim.”
 

 On January 22, 2007, the trial court purported to enter a “final decree of divorce” in which it denied the father’s motion to vacate the October 2, 2006, judgment but modified the times at which each party would exercise physical custody of the children.
 
 [2]
 

 On June 11, 2007, the trial court held a hearing on the parties’ motions to hold each other in contempt. In an order dated June 21, 2007, the trial court purported to deny both parties’ motions, to set forth additional terms governing the manner in which the parties were to communicate with one another and to conduct the physical-custody exchanges of the children, to further modify the time at which each party would exercise physical custody of the children, and to put measures in place to help ensure that the parties and the children would abide by the terms of the custody arrangement.
 

 On April 7, 2008, the trial court entered an order in which it purported to rescind its previous orders and judgment regarding custody of the children, to grant the parties joint legal custody of the children, to grant the father primary physical custody of the children, to establish a visitation schedule for the mother in the event the parties could not agree on her visitation with the children, and to order the mother to pay monthly child support to the father. The mother timely appealed this order.
 

 The mother contends that the trial court lost jurisdiction over the case after the father’s motion to vacate the October 2, 2006, judgment was denied by operation of law.
 
 [3]
 
 Thus, she argues, the trial court was without jurisdiction when it entered the April 7, 2008, order and that order is void. We agree.
 

 As previously noted, the trial court entered an interlocutory order divorcing the parties on July 13, 2006, reserving for a later judgment the division of the parties’ marital property and issues related to the custody of the children. On September 7, 2006, the trial court entered a final judgment in the case resolving the outstanding matters between the parties. Although the trial court set its September 7, 2006, judgment aside on September 12, 2006, the trial court reinstated that judgment in its October 2, 2006, judgment. The father’s postjudgment motion, filed on October 5, 2006, was denied by operation of law on January 3, 2007, 90 days after he had filed it.
 
 See
 
 Rule 59.1, Ala. R. Civ. P. At that point, the trial court lost jurisdiction over the case.
 
 See Petrey v. Petrey,
 
 989 So.2d 1128, 1133 (Ala.Civ.App.2008).
 

 As previously indicated, in January 2007 each party filed a motion seeking to have the other held in contempt. However, because the parties filed their motions after the entry of a final judgment in the case, their motions constituted independent proceedings over which the trial court could gain jurisdiction only if the parties paid the filing fees required to commence such proceedings.
 
 See Kaufman v. Kaufman,
 
 934 So.2d 1073, 1081-82 (Ala.Civ.App.2005). This court was presented with a similar situation in
 
 Kaufman,
 
 supra. In that case, the court wrote:
 

 “A motion or petition seeking the imposition of sanctions based on a finding of contempt initiates an independent
 
 *179
 
 proceeding that requires the payment of a filing fee.
 
 Opinion of the Clerk No. 25,
 
 381 So.2d 58 (Ala.1980);
 
 see also Wilcoxen v. Wilcoxen,
 
 907 So.2d 447 (Ala.Civ.App.2005). In
 
 Wilcoxen v. Wilcoxen,
 
 supra, the trial court entered a judgment divorcing the parties. The husband filed a contempt petition during the time the wife’s postjudgment motion was pending. The trial court denied the wife’s postjudgment motion and scheduled a hearing on the husband’s contempt petition; the wife appealed the divorce judgment. This court noted that the pendency of the husband’s contempt petition, along with another contempt petition filed after the entry of the postjudgment order, did not affect the finality of the divorce judgment from which the wife appealed because the contempt petition initiated a ‘ “separate and independent proceeding” from the underlying action.’
 
 Wilcoxen v. Wilcoxen,
 
 907 So.2d at 449 n. 1 (quoting
 
 Opinion of the Clerk No. 25,
 
 381 So.2d at 59).
 

 “In this case, the husband filed his petition seeking the imposition of sanctions based on the wife’s allegedly contemptuous conduct after the entry of the final judgment of divorce. A motion or petition seeking the imposition of sanctions based on a finding of contempt initiates an independent proceeding that requires the payment of a filing fee.
 
 Opinion of the Clerk No. 25,
 
 supra;
 
 see also Wilcoxen v. Wilcoxen,
 
 supra. The payment of a filing fee is a jurisdictional act.
 
 Farmer v. Farmer,
 
 842 So.2d 679, 681 (Ala.Civ.App.2002). The husband did not pay a filing fee in support of his July 1, 2004, motion. Therefore, the husband did not properly invoke the jurisdiction of the trial court, and its September 22, 2004, contempt order is void for want of subject-matter jurisdiction.”
 

 Id.
 
 at 1082 (footnote omitted).
 

 As in
 
 Kaufman,
 
 supra, neither the father nor the mother paid a filing fee in the present case when filing their respective motions to hold each other in contempt. As a result, the filing of those motions did not vest the trial court with jurisdiction after the father’s Rule 59 motion was denied by operation of law on January 3, 2007. Furthermore, our review of the record fails to disclose any other possible basis for the trial court’s exercise of jurisdiction to modify the custody arrangement between the parties following January 3, 2007.
 

 Because the trial court did not retain jurisdiction of this case after the father’s Rule 59 motion to vacate the October 2, 2006, final judgment was denied by operation of law, and because no postdivorce proceeding has been initiated by either of the parties vesting the trial court with jurisdiction to modify the custody arrangement set out in its October 2, 2006, judgment, the trial court did not have jurisdiction to enter the April 7, 2008, order. As a result, that order is void.
 
 See Vann v. Cook,
 
 989 So.2d 556, 559 (Ala.Civ.App.2008) (holding that “[a] judgment entered by a court lacking subject-matter jurisdiction is absolutely void”).
 

 A void judgment will not support an appeal, and “an appellate court must dismiss an attempted appeal from such a void judgment.”
 
 Id.
 
 As a result, the mother’s appeal is dismissed and the trial court is instructed to vacate its order of April 7, 2008.
 

 APPEAL DISMISSED WITH INSTRUCTIONS.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . Although the record does not contain a copy of a motion, the court's September 12, 2006, order references a motion filed by the father.
 

 [2]
 

 . Pursuant to Rule 59.1, Ala. R. Civ. P., the father's motion to vacate had already been denied by operation of law on January 3, 2007.
 

 [3]
 

 . See note 2, supra.