THOMAS, Judge.
 

 John Hargett appeals from a summary judgment entered by the Lauderdale Circuit Court in favor of Blue Cross Blue Shield of Alabama (“BCBS”). We dismiss the appeal for lack of subject-matter jurisdiction.
 

 Hargett had a long-term-care insurance policy with BCBS. The policy, issued under certificate number 1116963, provided Hargett with a daily benefit of $120 and a benefit duration of 1,825 days. Hargett’s monthly premium was $112.03. In February 2006, Hargett elected to change his daily benefit to $90, while keeping his benefit duration of 1,825 days, which resulted in a new monthly premium of $84.02. In May 2006, Hargett again elected to change his long-term-care benefits. Hargett completed a new application for a lifetime-benefit long-term-care insurance policy. Because Hargett sought a lifetime-benefit duration, BCBS required Hargett to complete a health survey and conducted a full medical underwriting review of the policy application. As a result of Hargett’s answers on the health survey and a review of its underwriting guidelines, BCBS determined that Hargett was no longer eligible for a 10% preferred-health discount on his policy, which he had been receiving.
 
 [1]
 
 Consequently, BCBS determined that Har-gett’s monthly premium for the new policy, which BCBS issued under certificate number 1117715, was $124.53.
 

 On August 13, 2008, Hargett filed a statement of claim in the small-claims division of the Lauderdale District Court. In his statement of claim, Hargett alleged that BCBS owed him a yet-to-be-determined sum of money and requested that the district court award him a “[pjremium reduction of $12.01 per month since inception of [insurance policy] certificate number 1117715.”
 

 Following a bench trial, the district court entered a judgment in favor of BCBS on August 20, 2009. In its judgment, the district court determined that,
 

 “per the unambiguous provisions of the Group Enrollment Agreement, [BCBS] properly performed full medical underwriting at the time [Hargett] chose to upgrade his long-term care coverage to lifetime benefits. When a review of [Hargett’s] health history revealed that [Hargett] was not entitled to a discounted premium for this upgraded coverage,
 
 *839
 
 [BCBS] correctly adjusted his monthly insurance premium. Accordingly, this Court finds that [BCBS] has committed no wrongdoing in connection with calculating [Hargett’s] monthly long-term care insurance premium and [Hargett’s] Complaint is due to be dismissed.”
 

 Hargett then appealed to the circuit court. BCBS moved the circuit court for a summary judgment. The circuit court entered a summary judgment in favor of BCBS on July 19, 2010. In its summary judgment, the circuit court determined:
 

 “This Court determines as a matter of law that, per the unambiguous provisions of the contracts at issue, [BCBS] properly performed full medical underwriting at the time [Hargett] chose to upgrade his long-term care coverage to lifetime benefits. When a review of [Hargett’s] health history revealed that [Hargett] was not entitled to a discounted premium for this upgraded coverage, [BCBS] correctly adjusted his monthly insurance premium. This Court also finds that the clear and express provisions of the Certificate do not preclude BCBS from requiring new premiums to accompany new coverage. Accordingly, this Court finds that [BCBS] has committed no wrongdoing in connection with calculating [Hargett’s] monthly long-term care insurance premium for Certificate No. 1117715 and [Hargett’s] Complaint is due to be dismissed.”
 

 Hargett filed a postjudgment motion, which the circuit court denied. Hargett subsequently appealed to this court.
 

 Although neither party addresses this court’s jurisdiction over this appeal, we may take notice of a lack of jurisdiction
 
 ex mero motu. See Ruzic v. State ex rel. Thornton,
 
 866 So.2d 564, 568-69 (Ala.Civ.App.2003), abrogated on other grounds by
 
 F.G. v. State Dep’t of Human Res.,
 
 988 So.2d 555 (Ala.Civ.App.2007). In the statement of claim that Hargett filed in the district court, Hargett sought a reduction in his premium for his long-term-care insurance policy issued by BCBS. In essence, Hargett requested that the district court interpret the terms of his insurance policy and declare the amount of his premium payment according to the provisions of the policy. Hargett also requested that the district court order BCBS to reimburse Hargett for the amount of the alleged excess in premiums that he had already paid. As such, Hargett’s action was in the nature of an action seeking a declaratory judgment.
 

 Section 6-6-223, Ala.Code 1975, a part of the Declaratory Judgment Act, § 6-6-220 et seq., Alabama Code 1975, provides:
 

 “Any person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.”
 

 In this case, Hargett sought a judicial interpretation of the insurance policy and a declaration of his rights and of BCBS’s rights under the policy regarding BCBS’s recalculation of premiums upon a change of Hargett’s benefit elections. Actions seeking an interpretation of the provisions of an insurance policy fall under the Declaratory Judgment Act.
 
 See, generally, Hartford Cas. Ins. Co. v. Merchants & Farmers Bank,
 
 928 So.2d 1006 (Ala.2005);
 
 Tate v. Allstate Ins. Co.,
 
 692 So.2d 822 (Ala.1997);
 
 Hutchinson v. Attorneys Ins. Mut. of Alabama, Inc.,
 
 631 So.2d 975 (Ala.1994);
 
 Hicks v. American Res. Ins. Co.,
 
 544 So.2d 952 (Ala.1989); and
 
 Antram v.
 
 
 *840
 

 Stuyvesant Life Ins. Co.,
 
 291 Ala. 716, 287 So.2d 837 (1973).
 

 Although Hargett requested a monetary award in his statement of claim, that does not preclude Hargett’s action from being a declaratory-judgment action.
 

 “Section 6-6-230, Code of Alabama 1975, provides that further relief may be granted in declaratory judgment actions ‘whenever necessary or proper.’ This authorizes a court to grant such relief as is necessary to effectuate the declaratory judgment even though such supplementary relief may consist of the granting of a money judgment in the case.”
 

 United Servs. Auto. Ass’n v. Pons,
 
 383 So.2d 166, 169 (Ala.Civ.App.1979) (citing
 
 Clark v. Exchange Ins. Ass’n,
 
 276 Ala. 334, 161 So.2d 817 (1964)). Our supreme court has also stated:
 

 “The mere fact that pecuniary interests were involved does not deprive the declaratory judgment act of a field of operation. In most litigation involving the legal rights of the parties, some underlying economic advantage or loss will result from the determination of those legal rights.”
 

 Broadwater v. Blue & Gray Patio Club,
 
 403 So.2d 209, 212 (Ala.1981).
 

 Section 12-12-30(3), Ala.Code 1975, expressly excludes “[ajctions seeking declaratory judgments” from the subject-matter jurisdiction of the district court. Therefore, the district could did not have subject-matter jurisdiction over Hargett’s action.
 

 Because the district court lacked subject-matter jurisdiction over Hargett’s complaint, its judgment is void.
 
 Riley v. Pate,
 
 3 So.3d 835, 838 (Ala.2008). “A void judgment will not support an appeal, and ‘an appellate court must dismiss an attempted appeal from such a void judgment.’ ”
 
 Colburn v. Colburn,
 
 14 So.3d 176, 179 (Ala.Civ.App.2009) (quoting
 
 Vann v. Cook,
 
 989 So.2d 556, 559 (Ala.Civ.App.2008)). Consequently, the circuit court never acquired jurisdiction over Hargett’s appeal, and that court could take no action other than to dismiss Hargett’s appeal.
 
 See Ex parte Smith,
 
 438 So.2d 766, 768 (Ala.1983) (opining that, “on appeal [for a trial de novo], the circuit court lack[s] subject matter jurisdiction to consider more than a final judgment over which the district court had subject matter jurisdiction”; citing
 
 State v. Pollock,
 
 251 Ala. 603, 38 So.2d 870 (1948), and
 
 Craig v. Root,
 
 247 Ala. 479, 25 So.2d 147 (1946)). Therefore, the circuit court’s judgment is also void. Because the circuit court’s judgment is void, this court lacks jurisdiction over Hargett’s appeal.
 
 Colburn,
 
 14 So.3d at 179. Thus, we dismiss Hargett’s appeal, and we instruct the circuit court and the district court to vacate their respective judgments in this case.
 

 APPEAL DISMISSED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . BCBS informed Hargett:
 

 "Our decision to apply the standard rate for this policy is based on your history of hypertension which is treated with Atenolol and Lotrel. According to the established underwriting guidelines your response to Question # 8 in the Health Status section of the application disqualified you for the preferred rate. One must answer No to questions 1 through 11 in this section in order to qualify for the preferred rate.”