Rel: March 14, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

_____

## CL-2024-0797

_____

## The Shires Homeowners Association, Inc.

## v.

## John M. Clark

## Appeal from Shelby Circuit Court
## (CV-22-475)

LEWIS, Judge.

The Shires Homeowners Association, Inc. ("the HOA"), appeals from a judgment entered by the Shelby Circuit Court ("the circuit court") in favor of John M. Clark. We dismiss the appeal with instructions.

## Procedural History

On June 7, 2022, Clark filed in the small-claims division of the Shelby District Court ("the district court") a complaint against the HOA. Clark asserted that the HOA had caused an invalid lien to be placed on Clark's property ("the property") and that, therefore, the HOA owed Clark $3,746. Clark also requested an award of court costs in the amount of $223. On June 16, 2022, the HOA filed an answer and a counterclaim alleging that Clark had breached his agreement with the HOA and had failed to pay HOA dues. The HOA stated that Clark owed it $4,982, representing $3,746 in unpaid dues, plus $1,236 in attorney fees. On September 9, 2022, Clark filed a reply to the counterclaim.

On September 29, 2022, the HOA filed a "Joint Stipulation of Dismissal Without Prejudice," stating that Clark was requesting equitable relief that must be requested in a circuit court. The "stipulation" was not signed by both parties in compliance with Rule 41(a)(1)(ii), Ala. R. Civ. P. The next day, the HOA filed a motion to withdraw the joint stipulation of dismissal. On October 3, 2022, the district court entered an order stating that, upon the joint stipulation of dismissal, the case was dismissed with prejudice. On October 5, 2022,

the district court entered an order granting the motion to set aside the "joint stipulation," reinstating the case to the active docket, and allowing Clark "10 days … to amend his pleadings to affirmatively remove any request for equitable relief, as the District Court does not have jurisdiction to entertain those counts/claims." (Capitalization omitted.) The district court further stated that, "[i]n the absence of an Amended Pleading/Complaint, this matter shall be transferred to the Circuit Court of Shelby County for further proceedings." (Capitalization omitted.) On October 14, 2022, Clark filed a request to pursue his case in district court, stating, in part, that "the damages … equal a monetary amount of $3746. This amount does not include current legal expenses of $1000 and possibly an unknown amount of court costs."

On December 2, 2022, the district court held a trial and entered a judgment in favor of the HOA with respect to both the complaint and the counterclaim; the district court specifically rendered a judgment in the amount of $3,746 in favor of the HOA. On December 16, 2022, Clark filed his notice of appeal to the circuit court.

On August 14, 2023, the HOA filed in the circuit court a motion for a summary judgment, along with a brief and evidentiary materials in

support thereof. Clark thereafter filed in the circuit court a motion for a summary judgment, requesting that the circuit court declare the HOA's liens void and deny the HOA's counterclaim. The HOA then responded to Clark's summary-judgment motion. Subsequently, the HOA filed a supplement to its summary-judgment motion.

On May 28, 2024, the circuit court entered a summary judgment in favor of Clark that declared the liens void and directed that the liens be released. On June 6, 2024, the HOA filed a motion to vacate the circuit court's judgment pursuant to Rule 59(e), Ala. R. Civ. P., and to declare the judgment void pursuant to Rule 60(b)(4), Ala. R. Civ. P. The HOA filed an amended motion the next day. The HOA then filed a petition for a writ of mandamus with this court, and that petition was denied by order on August 2, 2024. See Ex parte The Shires, (No. CL-2024-0445, Aug. 2, 2024).[1] To the extent that the HOA's June 6, 2024, motion sought relief

---

[1]This court's denial of the petition for the writ of mandamus does not prevent our consideration of the appeal. See, e.g., Dow-United Techs. Composite Prods., Inc. v. Webster, 701 So. 2d 22, 23 (Ala. Civ. App. 1997) ("'[The] denial [of a petition for a writ of mandamus] cannot have res judicata effect on subsequent proceedings in light of the extraordinary nature of the writ of mandamus. In short, the denial does not operate as a binding decision on the merits.'" (quoting R.E. Grills, Inc. v. Davison, 641 So. 2d 225, 229 (Ala. 1994)).

based on Rule 59(e), that motion was denied by operation of law on September 4, 2024. See Rule 59.1, Ala. R. Civ. P.[2] On October 14, 2024, the HOA filed a notice of appeal with this court.

Discussion

On appeal, the HOA argues that the circuit court's judgment was entered without jurisdiction. Section 12-12-30, Ala. Code 1975, provides that

> "the district court shall not exercise jurisdiction over any of the following matters:
>
> "(1) Actions seeking equitable relief other than:
>
>> "a. Equitable questions arising in juvenile cases within the jurisdiction of the district court.
>>
>> "b. Equitable defenses asserted or compulsory counterclaims filed by any party in any civil action within the jurisdiction of the district court.
>
> "....
>
> "(3) Actions seeking declaratory judgments."

---

[2]To the extent that the postjudgment motion requested relief under Rule 60(b), Ala. R. Civ. P., we note that "[a Rule 60(b) motion] does not affect the finality of a judgment or suspend its operation." Ex parte R.S.C., 853 So. 2d 228, 233-34 (Ala. Civ. App. 2002).

It appears that the parties and the district court initially recognized that the district court did not have jurisdiction over Clark's complaint, which, in substance, requested a declaration that the HOA's lien on his property was void. Although Clark subsequently attempted to couch his claim in terms of monetary damages in the amount of the lien, the substance of the claim was for a declaratory judgment with respect to the validity of the lien. See Ala. Code 1975, § 6-6-222 ("Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. … The declaration may be either affirmative or negative in form and effect …."); Bailey v. Faulkner, 940 So. 2d 247, 253 (Ala. 2006) (holding that "'[t]he substance of the allegation, and not its form, determines the character of a complaint.'" (quoting Holland v. Fidelity & Deposit Co. of Md., 225 Ala. 669, 670, 145 So. 131, 132 (1921)); Hargett v. Blue Cross Blue Shield of Alabama, 68 So. 3d 837, 840 (Ala. Civ. App. 2011) ("Although Hargett requested a monetary award in his statement of claim, that does not preclude Hargett's action from being a declaratory-judgment action.").

In Hargett, this court held that, when the substance of the complaint was an action seeking a declaratory judgment, the Lauderdale District Court lacked jurisdiction over the action. 68 So. 3d at 840. This court explained:

"Because the district court lacked subject-matter jurisdiction over Hargett's complaint, its judgment is void. Riley v. Pate, 3 So. 3d 835, 838 (Ala. 2008). 'A void judgment will not support an appeal, and "an appellate court must dismiss an attempted appeal from such a void judgment."' Colburn v. Colburn, 14 So. 3d 176, 179 (Ala. Civ. App. 2009) (quoting Vann v. Cook, 989 So. 2d 556, 559 (Ala. Civ. App. 2008)). Consequently, the circuit court never acquired jurisdiction over Hargett's appeal, and that court could take no action other than to dismiss Hargett's appeal. See Ex parte Smith, 438 So. 2d 766, 768 (Ala. 1983) (opining that, 'on appeal [for a trial de novo], the circuit court lack[s] subject matter jurisdiction to consider more than a final judgment over which the district court had subject matter jurisdiction'; citing State v. Pollock, 251 Ala. 603, 38 So. 2d 870 (1948), and Craig v. Root, 247 Ala. 479, 25 So. 2d 147 (1946)). Therefore, the circuit court's judgment is also void. Because the circuit court's judgment is void, this court lacks jurisdiction over Hargett's appeal. Colburn, 14 So. 3d at 179. Thus, we dismiss Hargett's appeal, and we instruct the circuit court and the district court to vacate their respective judgments in this case."

Id.

We find the analysis in Hargett applicable to the present appeal. Because the substance of Clark's complaint was a request for declaratory relief, the district court did not acquire jurisdiction over the action, and

7

its judgment is void. <u>See</u> <u>id.</u> Because the district court's void judgment would not support an appeal to the circuit court, "the circuit court's judgment is also void." <u>See</u> <u>id.</u>

The HOA has appealed to this court from a void judgment, and, therefore, this court does not have jurisdiction over the appeal. <u>See</u> <u>id.</u> In accordance with <u>Hargett</u>, we dismiss the HOA's appeal, albeit with instructions to "the circuit court and the district court to vacate their respective judgments in this case." 68 So. 3d at 840.

APPEAL DISMISSED WITH INSTRUCTIONS.

Moore, P.J., and Edwards, Hanson, and Fridy, JJ., concur.