Wendie Denise Vann ("the mother") appeals from a judgment of the Elmore Circuit Court that, among other things, modified a divorce judgment so as to award custody of the parties' minor child to Martin Byron Cook ("the father"). Because the trial court lacked subject-matter jurisdiction to enter a valid modification judgment, we dismiss the appeal as being from a void judgment.
The record reflects that in April 2004 the mother, who was represented by counsel, sought a judgment that, among other things, would divorce her from the father and award her custody of the parties' minor child. The father did not answer the mother's complaint. In April 2005, the trial court entered a default judgment divorcing the parties, awarding the mother primary physical custody of the child, and directing a private sale of the marital home (with any net proceeds derived from that sale to be divided evenly between the parties).
In August 2005, the mother filed a motion in the case seeking an order directing the sheriff of Elmore County to remove the father from the marital home; the mother alleged in her motion that she was entitled to sole possession of the marital home while it was in the process of being sold pursuant to the divorce judgment. There is no indication in the record that any filing fee was paid in connection with that filing. In September 2005, the mother filed a petition for protection from *Page 558 
abuse, alleging that the father had spit on her, had punched her in the face, and had refused to move from the marital home. Again, no filing fee was apparently paid in connection with that filing. Also in September 2005, the father filed a motion to enforce the divorce judgment's private-sale provisions concerning the marital home, alleging that reasonable offers to purchase the home had been made by third parties but that the mother had unreasonably refused to assist in the sale of the property. Pursuant to a mediation session, the parties apparently agreed to an order enjoining the father from coming on the marital property except for child-visitation purposes and directing the parties to accept one of the outstanding purchase offers on the marital property; it appears, however, that the proposed sale did not close because the father again sought relief from the trial court as to the marital home within two weeks after the entry of the trial court's order, and further mediation proved unfruitful.
In December 2005, the father filed a document in the trial court in which he first asserted that custody of the parties' child should be awarded to him based upon an alleged change in the mother's financial and hygienic circumstances. There is no indication in the record that the father paid any docketing fee in connection with that filing. On January 4, 2006, the trial court entered an order that, among other things, awarded the father specified visitation with the child. However, on January 12, 2006, the father filed a new "emergency" motion for, among other things, a custody change; the trial court entered an order on January 20, 2006, setting the custody issue for an ore tenus hearing on May 2, 2006. A hearing ultimately took place on June 20, 2006, after which the trial court entered an order continuing the case and indicating that the case would be reset for a hearing upon either party's motion. In October 2006, the father filed a motion for an immediate hearing on his custody-change request and counsel for the mother filed a motion to withdraw, citing an inability to communicate effectively with the mother; the trial court granted both motions on November 2, 2006, and it set a hearing for December 4, 2006. The mother failed to appear at that hearing, and the trial court directed counsel for the father to prepare a draft judgment after that hearing. On December 7, 2006, the trial court entered a judgment transferring physical custody of the child to the father and specifying the mother's visitation rights and child-support duties.
Four days after the trial court had entered its December 7, 2006, judgment, new counsel appeared on behalf of the mother and filed a motion to vacate or set aside the judgment, alleging that the mother had had no actual notice of the hearing. The father filed a response in opposition to that motion. On February 6, 2007, the trial court denied the mother's postjudgment motion, and she appealed.
Among the arguments advanced by the mother is that the trial court lacked jurisdiction to modify its April 2005 judgment of divorce without the payment of a filing fee in connection with the modification and enforcement proceedings initiated by the parties more than 30 days after the judgment. Although the mother failed to raise that issue in the trial court, we will address that issue because it pertains to the trial court's subject-matter jurisdiction. See C.J. L. v. M.W.B.,868 So.2d 451, 453 (Ala.Civ.App. 2003) ("subject-matter jurisdiction may not be waived; a court's lack of subject-matter jurisdiction may be raised at any time by any party and may even be raised by a court ex mero motu").
Section 12-19-70, Ala. Code 1975, provides that "a consolidated civil filing *Page 559 
fee, known as a docket fee, [shall be] collected . . . at the time a complaint is filed in circuit court or in district court," although that payment "may be waived initially and taxed as costs at the conclusion of the case" if "[a] verified statement of substantial hardship" is filed and is approved by the trial court. In turn, § 12-19-71(a)(7), Ala. Code 1975, specifies that a filing fee of $248 is to be collected "for cases filed in the domestic relations docket of the circuit court seeking to modify or enforce an existing domesticrelations court order" (emphasis added). The payment of a filing fee or the filing of a court-approved verified statement of substantial hardship is a jurisdictional prerequisite to the commencement of an action. See DeGas, Inc. v. MidlandRes., 470 So.2d 1218, 1222 (Ala. 1985); see also Farmerv. Farmer, 842 So.2d 679, 681 (Ala.Civ.App. 2002) ("The failure to pay the filing or docketing fee is a jurisdictional defect.").
In this case, the record does not reflect that the mother paid any docketing fee with respect to her August 2005 motion to enforce the divorce judgment or her September 2005 petition for protection from abuse. Likewise, the record does not reflect that the father paid any filing fee with respect to his September 2005 motion to enforce the divorce judgment or his December 2005 petition for custody. Each of those filings may be characterized as "cases . . . in the domestic relations docket of the circuit court seeking to modify or enforce an existing domestic relations court order" under § 12-19-71(a)(7), yet on none of those occasions was the appropriate docketing fee paid.
The father contends that the proceedings in the trial court after April 2005 were procedurally proper because, he says, the trial court in effect set aside the default judgment sua sponte by conducting further proceedings. However, the trial court lost all jurisdiction to set aside its default judgment on its own motion, pursuant to Rule 55(c), Ala. R. Civ. P., 30 days after the entry of its judgment. See Ex parte King,776 So.2d 31, 35 (Ala. 2000). Although Ex parte King
does indicate that relief from a default judgment may be available to a party under Rule 60(b), Ala. R. Civ. P., in some instances, that rule "`requires that a party move for relief from a judgment, and does not provide for sua sponte
relief by the trial court.'" Crowson v. Woolard Bros.,879 So.2d 1203, 1205 (Ala.Civ.App. 2003) (quoting Ex parte P H Constr. Co., 723 So.2d 45, 49 (Ala. 1998)). Similarly, we reject the father's contention that the mother is estopped to assert nonpayment of filing fees as a ground of attack on the trial court's jurisdiction because (1) "jurisdiction over the subject matter of a proceeding cannot be conferred by estoppel" (Alves v. Board of Educ. forGuntersville, 922 So.2d 129, 134 (Ala.Civ.App. 2005)), and (2) the father is equally guilty in this case of having failed to pay a required docketing fee.
The trial court, in exercising jurisdiction over the parties' claims asserted after the entry of its default judgment in April 2005, acted outside its jurisdiction because the parties did not pay the docketing fees required under Ala. Code 1975, § 12-19-70 et seq., for that court to acquire subject-matter jurisdiction. A judgment entered by a court lacking subject-matter jurisdiction is absolutely void and will not support an appeal; an appellate court must dismiss an attempted appeal from such a void judgment. Hunt Transition Inaugural Fund, Inc. v. Grenier, 782 So.2d 270, 274
(Ala. 2000). The mother's appeal is, therefore, dismissed, and the trial court is instructed to vacate all orders entered after the April 2005 default judgment. See, e.g.,State Dep't of Revenue v. Zegarelli, 676 So.2d 354, 356 *Page 560 
(Ala.Civ.App. 1996). Any further pleadings filed in the trial court in which either party may seek to enforce or modify that court's April 2005 default judgment should be accompanied by the requisite filing fee.
APPEAL DISMISSED WITH INSTRUCTIONS TO THE CIRCUIT COURT.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.