70 So.3d 357 (2010)
James F. HILGERS, Carolyn M. Hilgers, and Hilgers Real Estate Investments, LLC
v.
JEFFERSON COUNTY and the Water Works Board of the City of Birmingham.
2090307.
Court of Civil Appeals of Alabama.
October 15, 2010.
Certiorari Denied April 8, 2011 Alabama Supreme Court 1100123.
*358 Gregory A. Kennemer, Birmingham, for appellants.
A. Allen Ramsey, for appellee Jefferson County.
K. Mark Parnell and David L. Hubbard of Waldrep Stewart & Kendrick, LLC, Birmingham, for appellee the Water Works Board of the City of Birmingham.

On Application for Rehearing
THOMAS, Judge.
The opinion of August 13, 2010, is withdrawn, and the following is substituted therefore.
James F. Hilgers and Carolyn M. Hilgers ("the Hilgerses"), along with Hilgers Real Estate Investments, LLC (the Hilgerses and Hilgers Real Estate Investments, LLC, are hereinafter referred to collectively as "the Hilgers defendant"), appeal from a summary judgment entered by the Jefferson Circuit Court in favor of Jefferson County on its claims against the Hilgers defendants and from a summary judgment entered by the circuit court in favor of the Water Works Board of the City of Birmingham ("the WWB") on the claims stated in the Hilgers defendants' third-party complaint against the WWB. We dismiss the appeal for want of subject-matter jurisdiction.

Facts and Procedural History
In April 2008, Jefferson County filed a complaint in the Small Claims Division of the Jefferson District Court, seeking to enforce the liens that it had placed on three properties owned by the Hilgerses for unpaid sewer-service charges. In its complaint, Jefferson County sought to obtain a monetary judgment against the Hilgerses in the amount of the liens. The Hilgerses did not occupy any of the properties *359 during the times the unpaid sewer-service charges had accrued. The Hilgerses had rented the properties to various tenants, and those tenants had failed to pay all the sewer-service charges owed to Jefferson County in connection with the properties. In August 2008, the district court entered a judgment in favor of Jefferson County on all of its claims. The Hilgerses subsequently appealed the district court's judgment to the circuit court for a trial de novo and made a demand for a trial by jury.
On September 26, 2008, Jefferson County moved the circuit court for a summary judgment. The Hilgerses responded to Jefferson County's motion for a summary judgment and filed a motion to dismiss the action for failure to join an indispensable partynamely, the WWB. Jefferson County then amended its complaint, adding Hilgers Real Estate Investments, LLC, as an additional defendant and claiming that it was the owner of a fourth property on which Jefferson County had a lien for unpaid sewer-service charges. On November 20, 2008, the Hilgers defendants filed motions seeking to add the WWB as an additional party to the action, which the circuit court eventually granted.
On February 16, 2009, Jefferson County filed a renewed motion for a summary judgment. The Hilgers defendants responded to Jefferson County's renewed motion for a summary judgment. The circuit court entered a summary judgment in favor of Jefferson County on March 25, 2009, reaffirming Jefferson County's liens on the three properties owned by the Hilgerses. The circuit court later amended its summary judgment in response to a motion to reconsider filed by Jefferson County, making the judgment effective as to the claim relating to the property owned by Hilgers Real Estate Investments, LLC, and awarding Jefferson County a monetary judgment against the Hilgers defendants in the amount of the liens on all four properties. The circuit court denied a motion to reconsider filed by the Hilgers defendants.
On May 29, 2009, the Hilgers defendants filed a third-party complaint against the WWB, alleging a breach-of-contract claim and a negligence claim. The WWB subsequently filed a motion to dismiss the Hilgers defendants' third-party complaint. The circuit court held a hearing on the WWB' motion to dismiss, and, because it considered information outside the pleadings, treated the WWB's motion as a motion for a summary judgment. The circuit court entered a summary judgment in favor of the WWB on October 27, 2009. The Hilgers defendants subsequently appealed to this court.

Analysis
None of the parties has raised the issue of this court's subject-matter jurisdiction over this appeal. However, because jurisdictional matters are of such magnitude, this court is permitted to notice a lack of jurisdiction ex mero motu. See Reeves v. State, 882 So.2d 872, 874 (Ala.Civ.App.2003).
"Jurisdiction is `[a] court's power to decide a case or issue a decree' Black's Law Dictionary 867 (8th ed. 2004). Subject-matter jurisdiction concerns a court's power to decide certain types of cases. Wolff v. McGaugh, 175 Ala. 299, 303, 57 So. 754, 755 (1911) (`"By jurisdiction over the subject-matter is meant the nature of the cause of action and of the relief sought."' (quoting Cooper v. Reynolds, 77 U.S. (10 Wall.) 308, 316, 19 L.Ed. 931 (1870))). That power is derived from the Alabama Constitution and the Alabama Code. See United States v. Cotton, 535 U.S. 625, 630-31, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (subject-matter jurisdiction refers to a *360 court's `statutory or constitutional power' to adjudicate a case)."
Ex parte Seymour, 946 So.2d 536, 538 (Ala.2006).
Alabama Const. 1901, Local Amendments, Jefferson County, § 4 (Off. Recomp.), which, among other things, grants Jefferson County the authority to "make any reasonable and nondiscriminatory rules and regulations fixing [sewer-service] rates and charges, [and] providing for the payment, collection and enforcement thereof," provides, in pertinent part:
"Such sewer rentals or service charges shall be levied upon and collected from the persons and property whose sewerage is disposed of or treated by the sewers or the sewerage treatment or disposal plants and whether served by the part of the sewer system then being constructed, improved, or extended or by some other part of such system; and such charges or rentals shall be a personal obligation of the occupant of the property the sewerage from which is disposed of by such sewers or treated in such plants and shall also be a lien upon such property, enforceable by a sale thereof.
". . . .
". . . Liens for sewer rentals or service charges shall be foreclosed in such manner as may be provided by law for foreclosing municipal assessments for public improvements."

(Emphasis added.)
Act No. 619, Ala. Acts 1949, which, according to its title, "authorize[s] Jefferson County to construct, improve, extend and repair sewers and sewerage treatment plants in [Jefferson] [C]ounty and to levy and collect sewer rentals or sewer service charges as provided in [what is now Ala. Const. 1901, Local Amendments, Jefferson County, § 4 (Off. Recomp.),]" and "provide[s] for the method of foreclosing any assessments which remain unpaid," provides, in Section 13, that
"[i]n the event that any service charge charged to any parcel of real property shall not be paid as and when due, the unpaid balance thereof and all interest accrued thereon, together with recording fees and court costs, may be recovered by the county commission in a civil action against the occupant of such parcel, and any lien on such parcel of real property for such service charge and interest accrued thereon may be foreclosed in any such manner as may be provided by law for foreclosing municipal assessments for public improvements. Neither of the foregoing remedies shall be exclusive of the other; and the said county may pursue either of said remedies separately, or both of said remedies simultaneously, until the full amount of the charges, interest, court costs, and recording fees have been collected."
(Emphasis added.)
The Municipal Public Improvement Act, codified at Ala.Code 1975, § 11-48-1 et seq., governs the establishment of and the foreclosure of municipal assessments for public improvements. Alabama Code 1975, § 11-48-33, provides:
"In addition to the method hereinafter provided in this article for the collection of such assessments,[[1]] the circuit court may enforce said liens, and in all civil actions which may be brought to enforce said liens either by the municipality or by its assigns, the complainant shall recover the amount of such assessment, *361 with interest thereon, together with the cost of such proceedings."
Thus, Ala. Const. 1901, Local Amendments, Jefferson County, § 4 (Off. Recomp.), and Act. No. 619 grant Jefferson County the constitutional and statutory authority to place liens on the Hilgers defendants' properties for unpaid sewer-service charges and prescribes that any such liens "shall be foreclosed in such manner as may be provided by law for foreclosing municipal assessments for public improvements." In turn, § 11-48-33, which governs the enforcement of municipal assessments for public improvements, provides the method by which Jefferson County may obtain a monetary judgment in the amount of the liens against the owners of the property. Section § 11-48-33 expressly grants subject-matter jurisdiction over an action to enforce such liens to the circuit court. However, Jefferson County brought its action in the district court, which, accordingly, has no subject-matter jurisdiction to enforce the liens.[2]
Because the district court lacked subject-matter jurisdiction over Jefferson County's complaint, its judgment is void. Riley v. Pate, 3 So.3d 835, 838 (Ala.2008). "A void judgment will not support an appeal, and `an appellate court must dismiss an attempted appeal from such a void judgment.'" Colburn v. Colburn, 14 So.3d 176, 179 (Ala.Civ.App.2009) (quoting Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App. 2008)). Consequently, the circuit court never acquired jurisdiction over the Hilgerses' appeal, and that court could take no action other than to dismiss the Hilgerses' appeal. See Ex parte Smith, 438 So.2d 766, 768 (Ala.1983)(opining that "on appeal [for a trial de novo], the circuit court lack[s] subject matter jurisdiction to consider more than a final judgment over which the district court had subject matter jurisdiction"; citing State v. Pollock, 251 Ala. 603, 38 So.2d 870 (1948), and Craig v. Root, 247 Ala. 479, 25 So.2d 147 (1946)). Therefore, the circuit court's judgment is also void. Because the circuit court's judgment is void, this court lacks jurisdiction over the Hilgers defendant' appeal. Colburn, 14 So.3d at 179. Thus, we dismiss the Hilgers defendant' appeal, and we instruct the circuit court and the district court to vacate their respective judgments in this case.
The Hilgers defendant' motion to strike portions of Jefferson County's brief is denied as moot.
APPLICATION OVERRULED; OPINION OF AUGUST 13, 2010, WITHDRAWN; OPINION SUBSTITUTED; APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and BRYAN, J., concur.
MOORE, J., concurs in part and dissents in part as to the opinion and dissents as to the denial of rehearing, with writing, which PITTMAN, J., joins.
*362 MOORE, Judge, concurring in part and dissenting in part as to the opinion and dissenting as to the denial of rehearing.
I concur in part and dissent in part as to the majority opinion, and I respectfully dissent from the majority's decision to overrule Jefferson County's application for a rehearing.
Jefferson County's complaint, which was filed in the district court, stated, in pertinent part:

 "$2,228.75 Principal
 "$ 13.92 Interest
 "$ 744.12 Attorney fees
 ________________________
 "$2,986.79 Total claimed PLUS court
 costs of $135.00. . . .
 ". . . .
 "(7) Sewer Service Fund Fees"

Jefferson County attached copies of the statements of sewer-system liens that it had placed on three properties owned by the Hilgerses, which were associated with the unpaid sewer-service charges Jefferson County sought to recover in it complaint.
"It is well settled that a complaint is to be liberally construed." Calhoun v. Coffee County Comm'n, 706 So.2d 755, 757 (Ala. Civ.App.1997). Under a liberal construction, Jefferson County's complaint stated a claim for both the unpaid sewer-service charges and the enforcement of the liens. After a trial, the district court entered a monetary judgment in favor of Jefferson County. The Hilgerses appealed to the circuit court. Jefferson County moved for a summary judgment. The circuit court initially entered a summary judgment in favor of Jefferson County enforcing the liens. Subsequently, the circuit court amended its judgment to award Jefferson County a monetary judgment on the unpaid sewer-service charges.
Although I agree with the majority opinion that, on an appeal from the district court, the circuit court lacked jurisdiction to enforce the liens against the Hilgerses,[3] I agree with Jefferson County's argument in its rehearing brief that, on an appeal from the district court, the circuit court did, in fact, have jurisdiction to award a monetary judgment for the unpaid sewer-service charges.[4] Similarly, the circuit court also had jurisdiction to address the Hilgerses' third-party claims of negligence and breach of contract against the WWB. Accordingly, I conclude that the appeal should not be dismissed insofar as it addresses the circuit court's judgment on the unpaid sewer-service charges and its dismissal of the Hilgerses' third-party complaint against the WWB; instead, this court should address the merits of the Hilgerses' appeal with regard to those portions of the judgment.
Based on the foregoing, I concur with the majority opinion's dismissal of the appeal with regard to the enforcement of the liens against the Hilgerses; however, I dissent to the majority opinion's dismissal of the appeal with regard to the judgment for Jefferson County on the unpaid sewer-service charges and with regard to the third-party complaint.
PITTMAN, J., concurs.
NOTES
[1] A municipality may also sell the property on which an assessment has been levied if the owner fails to timely pay the assessment. See Ala.Code 1975, § 11-48-49.
[2] On rehearing, Jefferson County argues that its lawsuit in the instant case was properly filed in the district court because it was an action to enforce the underlying debt for unpaid sewer-service charges, not a suit to enforce the liens that it had placed on the properties owned by the Hilgers defendants. The Hilgers defendants were the owners of the properties in this case; however, they were not the occupants of those properties. As Alabama Const. 1901, Local Amendments, Jefferson County, § 4 (Off. Recomp.), makes clear, unpaid sewer-service charges are the personal obligation of the occupant of a property, not of the owner, and § 13, Act No. 619, Ala. Acts 1949, authorizes the county to file a civil action to collect unpaid sewer-service charges only against the occupant of a property, not the owner. Therefore, the only mechanism of collection the county could pursue against the Hilgers defendants, as no occupant owners of the properties at issue this case, was an action to enforce the liens that it had placed on the properties.
[3] Alabama Code 1975, § 11-48-33, provides that an action to enforce a lien must be initially filed in circuit court.
[4] Alabama Code 1975, § 12-12-31(a), provides: "The district court shall exercise exclusive jurisdiction over all civil actions in which the matter in controversy, exclusive of interest and costs, does not exceed three thousand dollars ($3,000)."