THOMAS, Judge.
A.S. (“the mother”) appeals the judgment of the Elmore Circuit Court (“the circuit court”) reversing the judgment of the Elmore Juvenile Court (“the juvenile court”) and granting C.M. (“the father”) custody of the parties’ minor child (“the child”). We dismiss the appeal for lack of subject-matter jurisdiction.

Facts and Procedural History

The parties became romantically involved at a young age, and, although the parties never married, the child was born to the parties on March 15, 2006. After the child was born, the parties moved into a home together. The parties separated in March or April 2008, and the child has lived with the mother since that time.
The record on appeal is scant concerning the procedural history of this case. In its final judgment, the circuit court recognized that, on November 18, 2008, the juvenile court had ordered the father to pay child support in the amount of $357 to the mother; that judgment is not in the record.
On July 9, 2009, the father filed in the circuit court a pleading titled “petition to determine paternity, custody, and the award of child support.” As the title of the motion would suggest, the father requested the circuit court to determine that the father is the “natural father” of the child, to “enter an order granting the father the care, custody, and control” of the child, and to order the mother to pay child support. The mother filed an answer and counterpetition on August 21, 2009. In her pleading, the mother stated that “[p]a-ternity of the father has never been established. A paternity test has never been performed.” The mother requested the circuit court to determine that the father is, in fact, the natural father of the child, to “enter an order granting the mother the care, custody and control of the minor child,” and to order the father pay child support. Although both parties requested a judicial determination that the father is, in fact, the natural father of the child, both parties also recognized the father as the natural father of the child in their respective pleadings. In their pleadings, neither party mentioned the juvenile court’s November 18, 2008, order.
On October 26, 2009, without a request from either party, the circuit court transferred the case to the juvenile court “for further proceedings pursuant to the Uniform Parentage Act.”
The case was tried in the juvenile court on February 25, 2010, and the juvenile court entered a judgment on March 16, 2010, awarding custody of the child to the mother. Neither the transcript of the February 25, 2010, proceedings nor the juvenile court’s March 16, 2010, judgment appears in the record. On March 24, 2010, the father appealed the juvenile court’s judgment to the circuit court pursuant to Rule 28(B), Ala. R. Juv. P.
The circuit court held an ore tenus trial de novo on July 15, 2010, and, on July 28, 2010, entered its judgment, which the circuit court titled “order modifying physical custody,” reversing the juvenile court’s March 16, 2010, judgment. The circuit court held, in pertinent part:
“The Alabama Court of Civil Appeals has held that an award of child support to one party is an award of custody to that party. See T.B. v. C.D.L, 910 So.2d 794 (Ala.Civ.App.2005), and M.R.J. v. D.R.B., 17 So.3d 683 (Ala.Civ.App.2009). On November [18], 2008, Referee Paul Hiebel awarded child support of $357.00 per month to [the mother] for the benefit of [the child]. There is no indication *664 in that order nor in the file that the Referee intended to award either party custody. Furthermore, the petition filed in that case did not request that either party be granted custody. Section 30-3-150 Code of Alabama, 1975, states that joint custody is the policy of this state. Section 30-3-151 Code of Alabama, 1975, defines joint custody as ‘joint legal custody and joint physical custody.’ Section 30-3-155 Code of Alabama, 1975, establishes that Rule 32[, Ala. R. Jud. Admin.,] should be used to establish child support. Thus, it would seem that the Juvenile Court’s child support order of November 18, 2008, should not be used to infer that the Juvenile Court awarded anything other than joint custody to the parties. However, based on the mandates of the Court of Civil Appeals, this Court will apply and does apply the [Ex parte ] McLendon[, 455 So.2d 863 (Ala.1984),] standard to [the father’s] petition for custody.”
The circuit court went on to hold that “there has been a substantial and material change in circumstances since the [entry of the juvenile court’s November 18, 2008, order] awarding child support in this case” and that “the change of custody would materially promote the child’s best interest.”
The mother filed a postjudgment motion pursuant to Rule 59(e), Ala. R. Civ. P., on August 6, 2010, which the circuit court denied on August 10, 2010. The mother timely filed her appeal to this court.

Discussion

First, the mother argues on appeal that, pursuant to § 12-15-114(a), Ala.Code 1975, the juvenile court lacked subject-matter jurisdiction to enter its March 16, 2010, judgment determining custody of the child and, thus, that this appeal must be dismissed. We agree.
Although the juvenile court’s November 18, 2008, judgment is not in the record, our supreme court has held that an order requiring a man to pay child support is an implicit judicial determination of paternity. See Ex parte State ex rel. G.M.F., 623 So.2d 722, 723 (Ala.1993) (holding that an order requiring a man to pay child support was an implicit “judicial determination of paternity qualifying for res judi-cata finality”). Therefore, we treat the juvenile court’s November 18, 2008, judgment as a judicial determination of the father’s paternity as to the child.[1] Further, it is clear from the circuit court’s July 28, 2010, order that the circuit court treated the father’s July 9, 2009, pleading as a petition to modify the juvenile court’s November 18, 2008, judgment. In Ex parte T.C., 63 So.3d 627, 630 (Ala.Civ.App.2010), we explained the recent change in the law regarding a juvenile court’s exercise of retained jurisdiction over child-custody determinations when a child has not been found to be dependent, delinquent, or in need of supervision:
“Under former law, ‘once a juvenile court obtained] jurisdiction in any case involving a child,’ ... ‘that court retained] jurisdiction over that case until the child reaehe[d] the age of 21 years or until the court, by its own order, terminate^] that jurisdiction.’ W.B.G.M. v. P.S.T., 999 So.2d 971, 973 (Ala.Civ.App.2008) (citing former §§ 12-15-32(a) & 26-17-10(e), Ala.Code 1975). Thus, under former law, ‘[w]hen a juvenile court ha[d] jurisdiction to make an *665 initial child-custody determination, it retained] jurisdiction over a petition to modify that custody judgment to the exclusion of any other state court until the child reache[d] 21 years of age or the juvenile court terminated] its jurisdiction.’ Id. at 974....
“However, as the special concurrence in W.B.G.M. noted, the Legislature has mandated a contrary rule as to custody cases filed after January 1, 2009:
‘“Act No. 2008-277, Ala. Acts 2008, replaces ... § 12-15-32[ ] with a new Code section, Ala.Code 1975, § 12-15-117, that limits a juvenile court’s retained jurisdiction to cases in which “a child has been adjudicated dependent, delinquent, or in need of supervision ” (emphasis added [in W.B.G.M.])....’
“999 So.2d at 975 (Pittman, J., concurring specially). To like effect is § 12-15-114(a), which provides that although a juvenile court has original jurisdiction to decide an action alleging that a child is dependent, ‘[a] dependency action shall not include a custody dispute between parents.’ The clear intent of the Legislature was to provide that the juvenile courts of this state should no longer be deciding custody disputes except insofar as their resolution is directly incidental to core juvenile-court jurisdiction (such as in original paternity actions, see Ala.Code 1975, § 26-17-104)....
“... To the extent that a juvenile court has properly made an initial custody award, or has properly modified a custody judgment under the statutory framework set forth in the main opinion in W.B.G.M., those judgments remain valid and enforceable notwithstanding [Ala.Code 1975, §§ 12-15-114 and 12-15-117]. Any such judgments would, however, be prospectively modifiable in Alabama only by the circuit courts, which are constitutionally constituted as ‘trial eourt[s] of general jurisdiction.’ Ala. Const.1901, § 139(a) (Off.Re-comp.).”
Ex parte T.C., 63 So.3d at 630-31.
In the present case, the father properly filed his modification petition in the circuit court on July 9, 2009. As this court explained in T.C., the circuit court had jurisdiction over the modification proceedings. The circuit court then, sua sponte, transferred the modification proceedings to the juvenile court, thereby divesting the circuit court of jurisdiction over the case. See In re T.T.W., 899 So.2d 1018, 1020 (Ala.Civ.App.2004) (holding that the juvenile court had lost jurisdiction over a case once it had transferred it to the circuit court). However, pursuant to § 12-15-117, Ala.Code 1975, the juvenile court did not have jurisdiction to consider the father’s petition to modify the juvenile court’s November 18, 2008, judgment.
In Hilgers v. Jefferson County, 70 So.3d 357 (Ala.Civ.App.2010), this court dismissed an appeal because the district court that entered the judgment from which the appeal arose did not have subject-matter jurisdiction over the case. This court held, in pertinent part, as follows:
“Because the district court lacked subject-matter jurisdiction over [the] complaint, its judgment is void. Riley v. Pate, 3 So.3d 835, 838 (Ala.2008). ‘A void judgment will not support an appeal, and “an appellate court must dismiss an attempted appeal from such a void judgment.”’ Colburn v. Colburn, 14 So.3d 176, 179 (Ala.Civ.App.2009) (quoting Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008)). Consequently, the circuit court never acquired jurisdiction over the ... appeal, and that court could take no action other than to dismiss the ... appeal. See Ex parte Smith, 438 So.2d 766, 768 (Ala.1983) (opining that ‘on appeal [for a trial de novo], the circuit court lack[s] subject *666 matter jurisdiction to consider more than a final judgment over which the district court had subject matter jurisdiction’; citing State v. Pollock, 251 Ala. 603, 38 So.2d 870 (1948), and Craig v. Root, 247 Ala. 479, 25 So.2d 147 (1946)). Therefore, the circuit court’s judgment is also void. Because the circuit court’s judgment is void, this court lacks jurisdiction over the ... appeal. Colburn, 14 So.3d at 179. Thus, we dismiss the ... appeal, and we instruct the circuit court and the district court to vacate their respective judgments in this case.”
Hilgers, 70 So.3d at 361.
This case presents the same situation as in Hilgers. In the present case, the juvenile court did not have subject-matter jurisdiction over the father’s petition. Thus, the circuit court did not have jurisdiction over the appeal from the juvenile court’s judgment, and, consequently, this court does not have jurisdiction over the appeal from the circuit court’s judgment. As we stated in Hilgers, “ ‘[a] void judgment will not support an appeal, and “an appellate court must dismiss an attempted appeal from such a void judgment.” ’ ” 70 So.3d at 361 (quoting Colburn v. Colburn, 14 So.3d 176, 179 (Ala.Civ.App.2009) (quoting in turn Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008))). Therefore, we dismiss the mother’s appeal, and we instruct the circuit court and the juvenile court to vacate their respective judgments in this case.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
MOORE, J., concurs in the result, without writing.

. We note that the parties' respective requests that the circuit court determine the father’s paternity as to the child were inconsequential because the issue had apparently previously been decided by the juvenile court in its November 18, 2008, judgment. Additionally, as stated above, both parties have acknowledged that the father is the natural father of the child.