PITTMAN, Judge.
Dee Lavon Haynes (“the former husband”) appeals from a judgment entered on June 22, 2011, by the Cullman Circuit Court in a postdivorce proceeding finding the former husband in criminal contempt based upon his noncompliance with various provisions of the judgment divorcing him from Linda Lee Haynes (“the former wife”). Because the former wife did not properly invoke the trial court’s contempt jurisdiction, we dismiss the appeal as being from a void judgment.
The record reflects that a judgment divorcing the parties was entered in January 2010. Although a copy of that judgment does not appear in the appellate record, the parties’ filings reveal that that judgment contained provisions requiring the former husband to provide medical insurance for the former wife and that the former wife was to receive the first $40,000 of net proceeds from a judicially ordered sale of the former marital home.
In August 2010, the former wife, acting pro se, sent a letter to the trial court averring that the former husband had failed to comply with the medical-insurance-provision requirement, that he had failed to cooperate with the court-appointed real-estate agent that had been marketing the former marital property, and that he had defaulted on a note secured by a mortgage on that property. The trial court issued an order directing the former husband to show cause at a hearing why he should not be found in contempt. After holding a hearing, at which both parties appeared pro se, the trial court entered a judgment on November 30, 2010, determining that, although the former husband had allowed the mortgage on the property to be foreclosed upon, he had not done so contemptuously; the trial court awarded the former wife a $40,000 money judgment against the former husband, but that court otherwise denied all relief sought by the former wife. The former wife sent a letter on December 9, 2010, requesting that the trial court amend its judgment to set a payment deadline as to the $40,000 judgment; the trial court entered orders on December 13, 2010, and December 14, 2010, denying the requested relief and suggesting that the former wife might wish to seek the advice of counsel as to collection of her judgment. No appeal was taken by either party from the November 30, 2010, judgment.
On March 22, 2011, the former wife sent another letter to the trial court, averring that the former husband had failed to satisfy the obligation to pay $40,000 under the November 30, 2010, judgment and “requesting that the [divorce judgment] again be amended to award [the former wife] half (or $40,000.00) of [the former husband’s] retirement [benefits] from” his former employer (a form of relief that, the former wife admitted in her letter, had not been sought in the divorce proceeding). The record does not, however, indicate that, at or before the time that she requested that judgment modification in the trial court, the former wife had paid the applicable docket fee or filed a verified statement of substantial hardship that would authorize her to proceed without payment of that fee. As this court stated in Vann v. Cook, 989 So.2d 556, 558-59 (Ala.Civ.App.2008):
“Section 12-19-70, Ala.Code 1975, provides that ‘a consolidated civil filing fee, known as a docket fee, [shall be] collected ... at the time a complaint is filed in circuit court or in district court,’ although that payment ‘may be waived initially and taxed as costs at the conclusion of the ease’ if ‘[a] verified statement of substantial hardship’ is filed and is approved by the trial court. In turn, § 12-19-71(a)(7), Ala.Code 1975, speci *783 fies that a filing fee of $248 is to be collected ‘for cases filed in the domestic relations docket of the circuit court seeking to modify or enforce an existing domestic relations court order ’ (emphasis added [in Vann ]). The payment of a filing fee or the filing of a court-approved verified statement of substantial hardship is a jurisdictional prerequisite to the commencement of an action. See De-Gas, Inc. v. Midland Res., 470 So.2d 1218, 1222 (Ala.1985); see also Farmer v. Farmer, 842 So.2d 679, 681 (Ala.Civ.App.2002) (‘The failure to pay the filing or docketing fee is a jurisdictional defect.’).”
The trial court, notwithstanding the former wife’s failure either to pay the applicable docket fee or to file a verified statement of substantial hardship, issued an order directing the former husband to show cause at a June 20, 2011, hearing why he should not be held in contempt; the former husband, acting pro se, then filed a letter in which he accused the former wife of having a mental disorder. After an ore tenus proceeding at which both parties appeared pro se and testified, the trial court, acting through a trial judge who had assumed office just before the hearing, entered a judgment on June 22, 2011, that, in pertinent part, found the former husband in criminal contempt on both of the grounds stated in the former wife’s August 2010 letter and set conditions pursuant to which the former husband could purge himself of that contempt.
The former husband, appearing through counsel, appealed from the June 22, 2011, judgment. Among the grounds of error asserted by the former husband in his brief on appeal[1] is that the trial court lacked subject-matter jurisdiction to act on the former wife’s March 22, 2011, modification request because the former wife had failed to pay a docket fee. We agree with the former husband that the record does not show that the former wife made such a payment. Further, we note that the former wife filed no verified statement of substantial hardship that would, if approved by the trial court, have excused her payment of that fee at the outset of her modification request.[2] Although the former husband’s argument was not first presented to the trial court in any form, the defect he raises as to the trial court’s subject-matter jurisdiction, as we noted in Vann, “ ‘may be raised at any time by any party’ ” and “ ‘may not be waived.’ ” 989 So.2d at 558 (quoting C.J.L. v. M.W.B., 868 So.2d 451, 453 (Ala.Civ.App.2003)). A judgment, such as the June 22, 2011, judgment under review in this appeal, that is entered by a court lacking subject-matter jurisdiction is absolutely void and will not support an appeal, and an appellate court must dismiss an attempted appeal from such a void judgment. Vann, 989 So.2d at 559.
As the appeal was dismissed in Vann, we dismiss the former husband’s appeal in this case, and the trial court is instructed to vacate its June 22, 2011, judgment. Any further pleadings filed in the trial court in which the former wife seeks to enforce or modify the divorce judgment or the November 30, 2010, judgment should be accompanied either by the requisite *784 filing fee or by a verified affidavit of substantial hardship that, if accepted, will allow for waiver of the payment of that fee until the close of the case. In light of our dismissal, we pretermit consideration of the former husband’s other contentions, including that the June 22, 2011, judgment contravened principles of res judicata or collateral estoppel, was entered -without the former husband’s having been represented by appointed counsel, and was erroneous given the constructive nature of the purported contempt found by the trial court and the former husband’s claimed inability to pay his debts.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.

. The former wife has not favored this court with an appellate brief.

. In concluding that the former wife's March 22, 2011, filing was, in form and in substance, a request for modification of the parties’ divorce judgment, we necessarily reject the former husband’s alternative argument that the letter can be viewed as an impermissible successive postjudgment motion under Rules 59 or 60 of the Alabama Rules of Civil Procedure seeking changes to the November 30, 2010, judgment on the wife's August 2010 contempt claims.