Rel: September 27, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2024

_____

## CL-2023-0855

_____

### Ron's Bonds, Inc.

### v.

### Tracy Pritchett-Owens, as administratrix of the Estate of Pharlanphas Pritchett, deceased, and Dorothy Cook

### Appeal from Jefferson Circuit Court
### (CV-23-106)

FRIDY, Judge.

Ron's Bonds, Inc. ("RBI"), appeals from a summary judgment that the Jefferson Circuit Court ("the circuit court") entered against it in its capacity as the surety for Dalton Harris, the defendant in a negligence

action involving an automobile accident. For the reasons discussed herein, we dismiss the appeal.

Background

On November 21, 2019, Pharlanphas Pritchett and Dorothy Cook commenced a negligence action against Harris in the Jefferson District Court ("the district court") alleging that, on the evening of January 6, 2019, Harris's vehicle collided with the rear end of Pritchett's vehicle while the vehicles were traveling on Interstate 59 in Jefferson County. According to the complaint, Pritchett and Cook were injured in the accident, and Pritchett's vehicle was damaged.

In May 2019, Harris, who apparently did not have automobile-liability insurance, obtained two corporate surety bonds for the Alabama Department of Public Safety (now known as the Alabama Law Enforcement Agency ("ALEA")), as required by § 32-7-6, Ala. Code 1975, a part of the Motor Vehicle Safety-Responsibility Act, § 32-7-1 et seq., Ala. Code 1975. That section provides, in relevant part:

> "(a) If 20 days after the receipt of a report of a motor vehicle accident within this state which has resulted in bodily injury or death, or damage to the property of any one person in excess of five hundred dollars ($500), the director does not have on file evidence satisfactory that the person who would otherwise be required to file security under subsection (b) of

2

this section has been released from liability, or has been finally adjudicated not to be liable, or has executed a duly acknowledged written agreement or conditional release providing for the payment of an agreed amount in installments with respect to all claims for injuries or damages resulting from the accident, which agreement or conditional release may include reasonable interest as set out in Section 32-7-7, [Ala. Code 1975,] the director shall determine the amount of security which shall be sufficient in his or her judgment to satisfy any judgment or judgments for damages resulting from the accident as may be recovered against each operator or owner.

"(b) The director shall, within 60 days after the receipt of the report of a motor vehicle accident, suspend the license of each operator and all registrations of each owner of a motor vehicle in any manner involved in the accident, and if the operator is a nonresident the privilege of operating a motor vehicle within this state, and if the owner is a nonresident the privilege of the use within this state of any motor vehicle personally owned, unless the operator or owner or both shall deposit security in the sum so determined by the director. …"

RBI furnished the bonds in the amount of $10,000 each. Each bond contained the following provision:

"This bond is to be automatically terminated at the end of two (2) years from the date of the accident, if no action at Law is pending and no judgment is outstanding against [RBI] in connection with the aforementioned accident, provided satisfactory evidence is filed with the Director of Alabama Department of Public Safety [now ALEA] that no such action at Law is pending, and no judgment is outstanding against [RBI] in connection with the aforementioned accident, otherwise this bond is to remain in full force and effect until such action at Law is final."

3

The bonds were signed and sealed on May 14, 2019.

It appears from the record that several unsuccessful attempts were made to serve Harris, and, in September 2020, the district court entered an order extending the time for service. A copy of the service return contained in the record indicates that on October 15, 2020, a special process server was eventually able to personally serve Harris in West Sussex, England. Meanwhile, on July 21, 2020, Pritchett and Cook sought to have RBI served with a copy of the summons and complaint despite the fact that RBI was not named as a party in their complaint. A signed receipt indicates that RBI was served by certified mail on July 29, 2020.

On November 5, 2020, Pritchett and Cook filed a motion for a default judgment in the district court, stating that more than fourteen days had passed since Harris had been served and that he had failed to answer the complaint. It appears that no immediate action was taken on the motion. On September 23, 2021, Pritchett's attorney filed a suggestion of death, advising the district court that Pritchett had died on December 12, 2019, and moved to substitute his daughter, Tracy Pritchett-Owens, as the administrator of his estate, as a party in the

4

action. On October 25, 2021, the district court entered an order substituting Pritchett-Owens, in her capacity as the estate administrator, as a plaintiff.

On November 1, 2021, nearly a year after the filing of the motion for default judgment, the district court entered an order directing the entry of a default and a judgment of default, with leave for Pritchett-Owens and Cook to prove monetary damages. On December 15, 2021, after an evidentiary hearing on the issue of damages, the district court entered a final default judgment against Harris and awarded Pritchett-Owens damages in the amount of $10,000 and Cook damages in the amount of $6,500. Two days later, the district court entered an amended final default judgment increasing Pritchett-Owens's damages to $13,500 and taxing costs to Harris. The amount of damages awarded to Cook remained $6,500.

On August 31, 2022, Pritchett-Owens and Cook filed what they called an amended complaint in which they purported to add RBI as a defendant and to add a claim against it that they called "action of surety bond." Pritchett-Owens and Cook alleged that RBI had furnished Harris with a corporate surety bond agreeing to pay them if they obtained a

5

judgment against Harris, but, they said, RBI had failed or refused to issue payment on the judgment. They asked the district court to enter an order directing RBI to honor the bond issued to Harris.

A process server personally served RBI with the amended complaint on September 15, 2022. On October 11, 2022, Pritchett-Owens and Cook filed a motion for a default judgment against RBI, asserting that RBI had not answered the amended complaint. The district court granted the motion, ordered entry of default, and entered a default judgment against RBI on October 17, 2022. In the order, the district court gave Pritchett-Owens and Cook leave to prove monetary damages.

On November 16, 2022, RBI filed a motion to set aside the entry of default against it. On December 1, 2022, the district court entered an order setting aside the default judgment against RBI and ordered it to answer the amended complaint by December 8, 2022. Also on December 1, 2022, Pritchett-Owens and Cook filed what they called a second amended complaint alleging that RBI had furnished Harris with two corporate surety bonds totaling $20,000, rather than just the one bond mentioned in the first amended complaint. Both bonds were attached as exhibits to the second amended complaint.

RBI answered the complaints within the time the district court ordered. On February 16, 2023, it filed a motion for a summary judgment, arguing that Pritchett-Owens and Cook's claim against it was untimely and was due to be dismissed. Specifically, RBI wrote, the corporate surety bonds had automatically terminated on January 6, 2021-- two years after the date of the accident.

On March 2, 2023, after receiving leave of court, Pritchett-Owens and Cook filed a third amended complaint reasserting their negligence claim against Harris, which had not been mentioned in the previous amended complaints, and reiterating the same claim for action on the corporate surety bonds that it had made against RBI. The same day, Pritchett-Owens and Cook filed their opposition to RBI's motion for a summary judgment and moved for their own summary judgment, arguing that RBI was required to issue payment on the corporate surety bonds.

On April 24, 2023, the district court entered a summary judgment against RBI, finding that the corporate surety bonds remained in full force and effect. It also denied RBI's motion for a summary judgment. RBI filed a motion to alter, amend, or vacate the judgment, attaching the

7

affidavit of Lakesha Kemp, a driver-license supervisor in the driver-license division of ALEA. In the affidavit, dated May 5, 2023, Kemp said that the corporate surety bonds issued on behalf of Harris "automatically terminated on January 6, 2021, because the plaintiff had not obtained a judgment against Dalton Russell Harris prior to that time." The district court denied RBI's postjudgment motion, and RBI timely appealed to the circuit court for a trial de novo. See § 12-12-71, Ala. Code 1975.

On June 25, 2023, RBI filed a motion for a summary judgment in the circuit court arguing, as it did in the district court, that any obligation owed under the corporate surety bonds had expired on January 6, 2021, and, therefore, Pritchett-Owens and Cook's claim against it was untimely and due to be dismissed. On July 24, 2023, Pritchett-Owens and Cook filed their own motion for a summary judgment arguing that RBI was obligated to issue payment on the corporate surety bonds.

On October 6, 2023, the circuit court entered an order in which it found that the corporate surety bonds remained in full force and effect and denied RBI's motion for a summary judgment. On October 18, 2023, the circuit court entered a judgment finding that Pritchett-Owens and Cook were entitled to a judgment as a matter of law and ordered RBI to

8

issue payment to them in the amount of $20,000, the amount of the corporate surety bonds at issue. RBI then filed an appeal with this court.

Analysis

RBI challenges the subject-matter jurisdiction affecting both the district court and the circuit court. Specifically, RBI contends that the "trial court," by which we presume it means the district court, did not have jurisdiction to consider the amended complaints that Pritchett-Owens and Cook filed. It contends that the amended final judgment entered on December 17, 2021, disposed of all claims against Harris, and, therefore, the case was over as of that date. RBI was not named as a defendant until eight months later, August 31, 2022, when Pritchett-Owens and Cook filed the amended complaint adding RBI as a party. Because a final judgment had already been entered, RBI says, the trial court erred in permitting the amended complaints. Therefore, it continues, the district court's judgment against it was void, and the circuit court could not consider an appeal from that judgment. To enforce the bonds, RBI says, Pritchett-Owens and Cook must file an independent action.

RBI is correct that a complaint cannot be amended to add a new defendant after entry of a final judgment. As this court has recently held, once a final judgment has been entered, a trial court does not have jurisdiction to consider a motion to amend a complaint to add new claims or new parties unless the judgment is first set aside. Board of Trs. of Univ. of Alabama for Div. Univ. of Alabama Hosp. in Birmingham v. Richards, [Ms. CL-2023-0849, June 7, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024).

The parties do not cite any authority regarding the applicable procedure for seeking the enforcement of bonds required under the Motor Vehicle Safety-Responsibility Act, and our own research revealed no relevant authority. However, we note that seeking to enforce a corporate surety bond like the one at issue is similar to seeking coverage under an insurance policy. In Wiggins v. State Farm Fire & Casualty Co., 686 So. 2d 218 (Ala. 1996), a case with a similar procedural history as the instant case, Melissa Wiggins obtained a default judgment against Chris Sanders on a complaint charging Sanders with assault and battery. After the trial court entered the default judgment, Wiggins attempted to add Sanders's insurance company as a defendant and force the insurance

company to satisfy the default judgment pursuant to §§ 27-23-1 and -2, Ala. Code 1975. Id. at 219. Our supreme court held that Wiggins could not recover against the insurance company in the action against Sanders and that to recover she would have to bring a separate action against the insurance company. Id. at 219-20.

In this case, on August 31, 2022, eight months after the district court entered its amended final judgment determining the amount of damages Harris owed to them, Pritchett-Owens and Cook filed an amended complaint purporting to add RBI as a defendant and alleged a claim of "action on surety bond" against RBI. Because the final judgment had been entered against Harris in the original tort action, however, Pritchett-Owens and Cook could not recover against RBI in that action and, as in Wiggins, they were required to bring an independent action against it to enforce payment of the bonds. Because the complaint against RBI was not properly before the district court, that court did not have subject-matter jurisdiction to consider the amended complaints, and its judgment against RBI is void.

Pritchett-Owens and Cook contend that their attempt to enforce the payment of the corporate surety bonds was governed by Rule 65.1, Ala.

11

R. Civ. P., which provides that a "surety's liability may be enforced on motion without the necessity of an independent action." That rule, which applies in district courts, provides:

> "<u>Whenever these rules require or permit the giving of security by a party</u>, and security is given in the form of a bond or stipulation or other undertaking with one or more sureties, each surety submits to the jurisdiction of the court and irrevocably appoints the clerk of the court as the surety's agent upon whom any papers affecting the surety's liability on the bond or undertaking may be served. The surety's liability may be enforced on motion without the necessity of an independent action. The motion and such notice of the motion as the court prescribes may be served on the clerk of the court, who shall forthwith mail copies to the sureties if their addresses are known."

Rule 65.1 (emphasis added). In this case, however, the bonds were required pursuant to the Motor Vehicle Safety-Responsibility Act and not the Rules of Civil Procedure. Thus, Rule 65.1 is not applicable.

<u>Conclusion</u>

Pritchett-Owens and Cook were not entitled to add RBI as a defendant in their action against Harris after the district court had entered a final judgment against Harris. Therefore, the district court did not have jurisdiction to consider their claim against RBI, and the judgment it entered against it is void. <u>Noll v. Noll</u>, 47 So. 3d 275, 279 (Ala. Civ. App. 2010). Because a void judgment will not support an

12

appeal, the circuit court never acquired jurisdiction over RBI's appeal of the district court's judgment, and the only action available to the circuit court was to dismiss RBI's appeal. Hilgers v. Jefferson Cnty., 70 So. 3d 357, 361 (Ala. Civ. App. 2010). Therefore, the circuit court's judgment is also void, and this court lacks jurisdiction over the current appeal. Id. We dismiss RBI's appeal and instruct the circuit court and the district court to vacate their respective judgments against RBI in this case. The district court's judgment against Harris remains in full force and effect.

APPEAL DISMISSED.

Moore, P.J., and Edwards, Hanson, and Lewis, JJ., concur.