Rel: March 21, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

_____

### CL-2024-0582

_____

## Alabama Medical Cannabis Commission

### v.

## TheraTrue Alabama, LLC

### Appeal from Montgomery Circuit Court
### (CV-23-901653)

_____

### CL-2024-0585

_____

## Alabama Medical Cannabis Commission

### v.

## Verano Alabama, LLC

### Appeal from Montgomery Circuit Court
### (CV-24-900009)

——————————————

**CL-2024-0586**

——————————————

**Alabama Medical Cannabis Commission**

**v.**

**Southeast Cannabis Company, LLC**

**Appeal from Montgomery Circuit Court**
**(CV-23-901637)**

——————————————

**CL-2024-0587**

——————————————

**Alabama Medical Cannabis Commission**

**v.**

**Yellowhammer Medical Dispensaries, LLC**

**Appeal from Montgomery Circuit Court**
**(CV-23-901798)**

PER CURIAM.

The Alabama Medical Cannabis Commission ("AMCC") appeals from four interlocutory injunctions ("the injunctions") entered by the Montgomery Circuit Court ("the circuit court") in separate civil actions; the injunctions purport to enjoin and restrain the AMCC from taking any action in furtherance of certain licenses related to medical cannabis

CL-2024-0582, CL-2024-0585, CL-2024-0586, and CL-2024-0587 awarded by the AMCC in December 2023. For the following reasons, we dismiss the appeals.

Background

Pursuant to the Darren Wesley "Ato" Hall Compassion Act ("the Act"), Ala. Code 1975, § 20-2A-1 et seq., in 2023, TheraTrue Alabama, LLC ("TheraTrue"), Verano Alabama, LLC ("Verano"), and Southeast Cannabis Company, LLC ("SCC"), applied to the AMCC for an integrated-facility license to produce, distribute, and sell medical cannabis, and Yellowhammer Medical Dispensaries, LLC ("Yellowhammer"), applied to the AMCC for a dispensary license to sell medical cannabis. After two earlier rounds of licensing decisions in June and August 2023 had been rescinded, the AMCC awarded all the dispensary and integrated-facility licenses allowed by law, see Ala. Code 1975, § 20-2A-64(b) (authorizing no more than four dispensary licenses) and § 20-2A-67(b) (authorizing no more than five integrated-facility licenses), in December 2023. On December 1, 2023, the AMCC denied the dispensary-license application submitted by Yellowhammer, and, on December 12, 2023, it denied the integrated-facility-license applications submitted by TheraTrue, Verano, and SCC.

3

TheraTrue, Verano, SCC, and Yellowhammer each commenced a civil action against the AMCC, in which, among other things, they sought judicial review of the decision of the AMCC to deny their license applications, pursuant to Ala. Code 1975, § 41-22-20, a part of the Alabama Administrative Procedure Act ("the AAPA"), Ala. Code 1975, § 41-22-1 et seq., and requested injunctive and declaratory relief pursuant to Ala. Code 1975, § 41-22-10, a part of the AAPA, and Ala. Code 1975, § 6-6-220, the Declaratory Judgment Act. On December 28, 2023, the circuit court entered an injunction in a related case, case number CV-23-231, enjoining the AMCC "from taking any action in furtherance of the December 1, 2023[,] awards of licenses in the Dispensary Category, including without limitation the issuance of any licenses." On January 3, 2024, the circuit court purported to enter an injunction in that same case, enjoining the AMCC from "taking any action in furtherance of the December 12, 2023[,] awards of licenses in the Integrated Facility license category, including without limitation the issuance of any licenses. The intent of the Court that all rights of all applicants shall be preserved." This court later determined that all orders that had been entered in case number CV-23-231, including the December 28, 2023, and January 3,

4

CL-2024-0582, CL-2024-0585, CL-2024-0586, and CL-2024-0587

2024, orders granting the preliminary injunctions, were void. Ex parte Alabama Med. Cannabis Comm'n, [Ms. CL-2024-0073, June 21, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024) ("AMCC I").

Following the release of the decision in AMCC I, the circuit court entered in Yellowhammer's action the injunction that it had rendered on December 28, 2023, and it entered in the civil actions commenced by TheraTrue, Verano, and SCC the injunction that it had rendered on January 3, 2024. See Ex parte Alabama Med. Cannabis Comm'n, [Ms. CL-2024-0532, Sept. 13, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024) (denying petition for the writ of mandamus precluding the circuit court from entering the injunctions in the underlying civil actions). The AMCC timely appealed from the entry of the injunctions.[1]

---

[1]The circuit court referred to each injunction as a "temporary restraining order," but, in substance, the circuit court entered a preliminary injunction in each case. A "preliminary injunction is '[a] temporary injunction issued before or during trial to prevent an irreparable injury from occurring before the court has a chance to decide the case.'" City of Gadsden v. Boman, 143 So. 3d 695, 703 (Ala. 2013) (quoting Black's Law Dictionary 855 (9th ed. 2009)). Based on our disposition, we do not address whether the circuit court complied with Rule 65, Ala. R. Civ. P., when rendering the injunctions.

CL-2024-0582, CL-2024-0585, CL-2024-0586, and CL-2024-0587

Standard of Review

On appeal from an order granting an interlocutory injunction, review is confined to the order itself, and we review de novo whether the circuit court had subject-matter jurisdiction to enter the order. See Alabama Med. Cannabis Comm'n v. Alabama Always, LLC, [Ms. CL-2024-0588, March 7, 2025] ___ So. 3d ___ (Ala. Civ. App. 2025).

Discussion

The AMCC is a state agency that is entitled to sovereign immunity pursuant to Article I, § 14, of the Alabama Constitution of 2022, which provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." A party may not maintain a civil action for declaratory and injunctive relief against the AMCC, even pursuant to § 41-22-10. Redbud Remedies, LLC v. Alabama Med. Cannabis Comm'n, [Ms. CL-2023-0352, Mar. 29, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024); Ex parte Alabama Med. Cannabis Comm'n, [Ms. CL-2024-0463, Oct. 4, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024). The circuit court may grant injunctive relief against the AMCC only in an appeal from a decision entered by the AMCC in a contested case, pursuant to § 41-22-20(k).

6

CL-2024-0582, CL-2024-0585, CL-2024-0586, and CL-2024-0587

Southeast Cannabis Co., LLC v. Alabama Med. Cannabis Comm'n, [Ms. CL-2024-0300, Dec. 20, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024).

The right to appeal from a decision of the AMCC in a contested case is governed by § 41-22-20(a) which provides:

> "A person who has exhausted all administrative remedies available within the agency, other than rehearing, and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy."

TheraTrue, Verano, SCC, and Yellowhammer have each filed a petition for judicial review of the decisions of the AMCC denying their license applications.[2]  In those petitions, TheraTrue, Verano, SCC, and Yellowhammer alleged that the AMCC had failed to comply with the scoring, averaging, and ranking rules set forth in Ala. Admin. Code (AMCC), rr. 538-X-3-.10 and 538-X-3-.11, which govern the review of medical-cannabis applications during the licensing process.  However,

_____

[2]Although the AMCC asserts that Verano did not petition for judicial review, in its complaint, Verano did assert a right to judicial review under § 41-22-20, and Verano did make allegations consistent with a petition for judicial review.  Thus, we construe the complaint as being, at least in part, a petition for judicial review.

CL-2024-0582, CL-2024-0585, CL-2024-0586, and CL-2024-0587

those petitions did not invoke the subject-matter jurisdiction of the circuit court.

As this court recently held in Alabama Medical Cannabis Commission v. Alabama Always, LLC, supra, the AMCC has not entered a final, appealable decision on the integrated-facility licenses. The record in these appeals shows that the AMCC also has not made a final, appealable decision on the dispensary licenses. Multiple requests for reconsideration of the licensing decisions made in December 2023 have been submitted to the AMCC, including the requests by TheraTrue, Verano, SCC, and Yellowhammer for a public-investigative hearing. See Ala. Code 1975, § 20-2A-56(e). On April 11, 2024, the AMCC stayed issuance of the integrated-facility licenses pending the completion of the public-investigative hearings; the record in these appeals shows that that same stay applies to the issuance of the dispensary licenses. In the absence of a final decision, no right to appeal the December 2023 licensing decisions accrued under the first sentence of § 41-22-20.

Interlocutory licensing decisions of the AMCC may be immediately reviewed by the circuit court only if review of the final AMCC licensing decisions would not provide an adequate remedy. § 41-22-20(a). As also

8

CL-2024-0582, CL-2024-0585, CL-2024-0586, and CL-2024-0587

decided in Alabama Medical Cannabis Commission v. Alabama Always, LLC, supra, in a review of the final licensing decisions of the AMCC, the circuit court can remedy any errors the AMCC may have committed in failing to comply with its internal licensing rules. That remedy is not inadequate because the AMCC has stayed the issuance of the dispensary and integrated-facility licenses during the public-investigative-hearing process, and the circuit court can stay the issuance of any dispensary and integrated-facility licenses following the completion of that administrative process. Hence, there is no danger that the licenses for which TheraTrue, Verano, SCC, and Yellowhammer applied would be unavailable before judicial review could be completed. Because review of the final agency licensing decisions would be an adequate remedy, TheraTrue, Verano, SCC, and Yellowhammer had no right to appeal the December 2023 licensing decisions.

## Conclusion

TheraTrue, Verano, SCC, and Yellowhammer had no right to appeal from the licensing decisions made by the AMCC in December

2023.[3] Thus, the circuit court had no jurisdiction under § 41-22-20 to enter an injunction to prevent the AMCC from proceeding with its licensing process. In the absence of subject-matter jurisdiction, the injunctions entered by the circuit court are void to the extent that they purport to enjoin the AMCC from taking actions in furtherance of the dispensary and integrated-facility licenses awarded in December 2023.[4] A void judgment will not support an appeal. See Miller v. Riley, 37 So. 3d 768, 772 (Ala. 2009). An appellate court must dismiss an attempted appeal from a void judgment. Hunt Transition & Inaugural Fund, Inc. v. Grenier, 782 So. 2d 270, 274 (Ala. 2000). We therefore dismiss these appeals, albeit with instructions to the circuit court to dismiss the petitions for judicial review filed against the AMCC and to vacate the portions of the injunctions purporting to enjoin and restrain the AMCC from taking actions in furtherance of the dispensary and integrated-

---

[3]Having concluded that the right to appeal never accrued, we do not address whether the appeals were timely or properly filed.

[4]We do not address the validity of the injunctions to the extent that they enjoin other parties, including the individual members of the AMCC, from acting on the license awards. Those parties are not before the court in these appeals. See Rule 3(c), Ala. R. App. P.

CL-2024-0582, CL-2024-0585, CL-2024-0586, and CL-2024-0587

facility-license awards made in December 2023.  See Vann v. Cook, 989

So. 2d 556, 559-60 (Ala. Civ. App. 2008).

CL-2024-0582 -- APPEAL DISMISSED WITH INSTRUCTIONS.

CL-2024-0585 -- APPEAL DISMISSED WITH INSTRUCTIONS.

CL-2024-0586 -- APPEAL DISMISSED WITH INSTRUCTIONS.

CL-2024-0587 -- APPEAL DISMISSED WITH INSTRUCTIONS.

All the judges concur.